No. 15-35452

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

NORTHWEST SCHOOL OF SAFETY, *et al.*,

Plaintiffs – Appellants,

v.

BOB FERGUSON, *et al.*,

Defendants – Appellees.

Appeal from the United States District Court
for the Western District of Washington

The Honorable Benjamin H. Settle - Dist. Ct. No. 3:14-cv-6026 BHS

# EXCERPT OF RECORD

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
Steven W. Fogg, WSBA #23528
David B. Edwards, WSBA #44680
1001 Fourth Avenue, Suite 3900
Seattle, WA 98154
(206) 625-8600
sfogg@corrcronin.com
dedwards@corrcronin.com

Donald E. J. Kilmer, Jr.
A Professional Corp.
CA State Bar No.: 179986
1645 Willow Street, Suite 150
San Jose, California 95125
(408) 264-8489
Don@DKLawOffice.com

Mikolaj T. Tempski, WSBA #42896
TEMPSKI LAW FIRM, PS
40 Lake Bellevue Dr., Suite 100
Bellevue, WA 98005
miko@tempskilaw.com

## Table of Contents (Index) for Excerpt of Record
### *N.W. School of Safety, et al., v. Ferguson*
Appellate Case No.: 15-35452
District Court Case No.: 3:14-cv-06026-BHS

| ER Tab # | Description | Dist. Ct. Dkt. # | ER Page # |
|---|---|---|---|
| #1 | Notice of Appeal | 39 | ER 1 |
| #2 | Judgment | 38 | ER 4 |
| #3 | Order Granting Defendants' Motion to Dismiss | 37 | ER 5 |
| #4 | Complaint | 1 | ER 13 |
| #5 | Civil Docket for Case #: 3:14-cv-06026- BHS (In order of last entry first.) | | ER 37 |
| | Certificate of Service | | |

**ER - Tab # 1**

1
2
3
4
5

6          UNITED STATES DISTRICT COURT
7          WESTERN DISTRICT OF WASHINGTON
                    AT TACOMA

8   NORTHWEST SCHOOL OF SAFETY, a
    Washington sole proprietorship, PUGET
9   SOUND SECURITY, INC., a Washington          Case No. 3:14-cv-06026 BHS
    corporation, PACIFIC NORTHWEST
10  ASSOCIATION OF INVESTIGATORS, INC.,          **NOTICE OF APPEAL**
    a Washington corporation, FIREARMS
11  ACADEMY OF SEATTLE, INC., a
    Washington corporation, DARRYL LEE, XEE
12  DEL REAL, JOE WALDRON, GENE
    HOFFMAN, ANDREW GOTTLIEB, ALAN
13  GOTTLIEB, GOTTLIEB FAMILY
    REVOCABLE LIVING TRUST, a Washington
14  trust, and SECOND AMENDMENT
    FOUNDATION, a non-profit organization,
15                      Plaintiffs,

16          v.

17  BOB FERGUSON, Attorney General of
    Washington (in his official capacity),
18  WASHINGTON ATTORNEY GENERAL'S
    OFFICE, and JOHN R. BATISTE, Chief of the
19  Washington State Patrol (in his official
    capacity), and DOES I-V,
20                      Defendants,

21  and

22  CHERYL STUMBO, WASHINGTON
    ALLIANCE FOR GUN RESPONSIBILITY
23  AND EVERYTOWN FOR GUN SAFETY
    ACTION FUND FOR I-594,
24                      Intervenor-Defendants.

25

        NOTICE OF APPEAL - 1
        (Case No. 3:14-cv-06026 BHS)

**CORR CRONIN MICHELSON**
**BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1   Notice is hereby given that Northwest School of Safety, Puget Sound Security, Inc.,

2   Pacific Northwest Association of Investigators, Inc., Firearms Academy of Seattle, Inc., Darryl

3   Lee, Xee Del Real, Joe Waldron, Gene Hoffman, Andrew Gottlieb, Alan Gottlieb, Gottlieb

4   Family Revocable Living Trust, and Second Amendment Foundation, Plaintiffs herein, seek

5   review by the United States Court of Appeals for the Ninth Circuit of the Order Granting

6   Defendants' Motion to Dismiss entered on May 7, 2015 (ECF No. 37) ("Order"), and all other

7   orders and rulings of the United States District Court prejudicially affecting the Order.

8       DATED this 5th day of June, 2015.

9

10                          CORR CRONIN MICHELSON
                            BAUMGARDNER FOGG & MOORE LLP

11

12                          _____/s/ Steven W. Fogg_____

13                          Steven W. Fogg, WSBA No. 23528
                            David B. Edwards, WSBA No. 44680

14                          1001 Fourth Avenue, Suite 3900
                            Seattle, Washington 98154

15                          Tel: (206) 625-8600
                            Fax: (206) 625-0900

16                          Email:    sfogg@corrcronin.com
                                      dedwards@corrcronin.com

17

18                          Mikolaj T. Tempski, WSBA No. 42896
                            Tempski Law Firm, PS

19                          40 Lake Bellevue Dr., Suite 100
                            Bellevue, WA 98005

20                          Tel: (425) 998-6203
                            Email:    miko@tempskilaw.com

21

22                              Attorneys for Plaintiffs

23

24

25

NOTICE OF APPEAL - 2
(Case No. 3:14-cv-06026 BHS)

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

ER 3

# CERTIFICATE OF SERVICE

The undersigned certifies as follows:

1.      I am employed at Corr Cronin Michelson Baumgardner Fogg & Moore LLP, attorneys for Plaintiffs herein.

2.      On this date, I filed the foregoing document through the Court's ECF service which will send notification of filing to the following parties indicated below:

| | |
|---|---|
| Noah G. Purcell, WSBA No. 43492 | Paul J. Lawrence, WSBA No. 13557 |
| *Solicitor General* | Gregory J. Wong, WSBA No. 39329 |
| noahp@atg.wa.gov | Sarah S. Washburn, WSBA No. 44418 |
| R. July Simpson, WSBA No. 45869 | Pacifica Law Group LLP |
| *Assistant Attorney General* | 1191 Second Avenue, Suite 2000 |
| RJulyS@atg.wa.gov | Seattle, WA  98101-3404 |
| Jeffrey T. Even, WSBA No. 20367 | Paul.lawrence@pacificalawgroup.com |
| *Deputy Solicitor General* | Greg.wong@pacificalawgroup.com |
| jeffe@atg.wa.gov | Sarah.washburn@pacificalawgroup.com |
| Rebecca R. Glasgow, WSBA No. 32886 | *Attorneys for Intervenor-Defendants* |
| *Deputy Solicitor General* | |
| RebeccaG@atg.wa.gov | |
| Office of the Attorney General | |
| 1125 Washington St. SE | |
| P.O. Box 40100 | |
| Olympia, WA 98504-0100 | |
| *Attorneys for Defendants* | |

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED:  June 5, 2015, at Seattle, Washington.


/s/ Christy A. Nelson
Christy A. Nelson

NOTICE OF APPEAL - 3
(Case No. 3:14-cv-06026 BHS)

**CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**ER - Tab # 2**

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

| | |
|---|---|
| NORTHWEST SCHOOL OF SAFETY, a Washington sole proprietorship, et al., <br><br> Plaintiff, <br><br> v. <br><br> BOB FERGUSON, Attorney General of Washington (in his official capacity) et al., <br><br> Defendant. | **JUDGMENT IN A CIVIL CASE** <br><br> CASE NO. CV14-6026BHS |

\_\_ **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

XX **Decision by Court**. This action came to consideration before the Court. The issues have been considered and a decision has been rendered.

THE COURT HAS ORDERED THAT Defendant's Motion to Dismiss is GRANTED.

Dated May 8, 2015.

William M. McCool
Clerk of Court

s/
Gretchen Craft, Deputy Clerk

**ER - Tab # 3**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NORTHWEST SCHOOL OF SAFETY, a Washington sole proprietorship, et al., | CASE NO. C14-6026 BHS |
| Plaintiffs, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| BOB FERGUSON, Attorney General of Washington (in his official capacity), et al., | |
| Defendants. | |

This matter comes before the Court on Defendants Bob Ferguson, John R. Batiste, Washington Attorney General's Office, and Does I-V's (collectively "Defendants") motion to dismiss (Dkt. 23). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion and dismisses Plaintiffs' claims without prejudice for the reasons stated herein.

# I. PROCEDURAL HISTORY

On December 30, 2014, Plaintiffs Northwest School of Safety, Puget Sound Security, Inc., Pacific Northwest Association of Investigators, Inc., Firearms Academy of Seattle, Inc., Darryl Lee, Xee Del Real, Joe Waldron, Gene Gottlieb, Andrew Gottlieb, Alan Gottlieb, Gottlieb Revocable Living Family Trust, and Second Amendment Foundation (collectively "Plaintiffs") filed a complaint against Defendants asserting violations of the "Second and Fourteenth Amendments of the United States Constitution and Sections 3 and 24 of Article I of the Washington State Constitution . . . ." Dkt. 1, ¶ 1. Plaintiffs allege that Initiative to the Legislature No. 594's ("I-594") amendments to RCW 9.41 infringe on a "host of Second Amendment rights . . . ." *Id.* ¶ 2.

On March 5, 2015, Defendants filed a motion to dismiss. Dkt. 23. On March 23, 2015, the Court granted Intervenor Defendants Everytown for Gun Safety Action Fund for I594, Cheryl Stumbo, and Washington Alliance for Gun Responsibility's ("Intervenors") motion to intervene. Dkt. 29. That same day, Northwest responded to the motion to dismiss (Dkt. 30) and Intervenors joined in the response (Dkt. 31). On March 27, 2015, Defendants replied. Dkt. 32.

# II. FACTUAL BACKGROUND

Plaintiffs allege that I-594 criminalizes the "non-commercial 'transfer' of firearms" in Washington, presenting "a serious impediment to sharing firearms for self-defense and firearms safety" and imposing "an overwhelming burden on individuals who are involved in repeated transfers of the same firearm . . . ." Dkt. 1, ¶ 2. Plaintiffs have expressed no intent to violate the I-594 amendments and claim to have refrained from all

conduct that might violate I-594.  *Id.* ¶ 29.  Moreover, Plaintiffs allege that they have not

received any threats of prosecution from Defendants.  *Id.*

### III. DISCUSSION

Defendants move the Court to dismiss this action because (1) Plaintiffs lack

standing to challenge the I-594 amendments, (2) Plaintiffs' claims are not ripe, and (3)

Defendants assert Eleventh Amendment immunity.  Dkt. 23.

**A.      Article III Standing**

Defendants argue that Plaintiffs lack standing to assert their claims.  Article III of

the United States Constitution limits the jurisdiction of federal courts to cases and

controversies.  Under Article III, courts use the doctrine of standing "to identify those

disputes which are appropriately resolved through the judicial process." *Lujan v.*

*Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citing *Whitmore v. Arkansas*, 495 U.S.

149, 155 (1990)).  To satisfy Article III standing, a plaintiff must demonstrate that

> (1) it has suffered an 'injury in fact' that is (a) concrete and
> particularized and (b) actual or imminent, not conjectural or hypothetical;
> (2) the injury is fairly traceable to the challenged action of the defendant and
> (3) it is likely, as opposed to merely speculative, that the injury will be
> redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81

(2000).

In this case, Defendants only challenge the first prong of the standing inquiry,

which is injury in fact.  Plaintiffs argue that they are currently being injured and, in the

alternative, that Defendants' case law is outdated and has been rejected by the Supreme

Court.  Dkt. 30 at 4–10.  Plaintiffs' arguments, however, are somewhat unorganized as

they claim that they have suffered an actual injury under *Medlmmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128-29 (2007), which they assert is the Supreme Court case that has expressly rejected existing Ninth Circuit law. Dkt. 30 at 5, 10. The Court will first establish the legal framework to address the parties' dispute and then consider whether Plaintiffs have met their burden under that framework.

### 1. Validity of Precedent

When a party challenges a statute before it has been enforced, the party must show that it faces "a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement . . . ." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)). The Ninth Circuit has held that "neither the mere existence of a proscriptive statute nor a generalized threat of prosecution satisfies the 'case or controversy' requirement." *Thomas*, 220 F.3d at 1139. Instead, "there must be a 'genuine threat of imminent prosecution.'" *Id.* (quoting *San Diego County Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996)). In evaluating whether a claimed threat of prosecution is genuine, the Ninth Circuit has directed district courts to consider

> whether the plaintiffs have articulated a concrete plan to violate the law in question, whether the prosecuting authorities have communicated a specific warning or threat to initiate proceedings, and the history of past prosecution or enforcement under the challenged statute.

*Thomas*, 220 F.3d at 1139.

In this case, Plaintiffs explicitly assert that they face a fear of prosecution. Specifically, Plaintiffs contend that they

1    currently and reasonably fear arrest, prosecution, fines, and imprisonment
     for the constitutionally protected "transfers" in possession of their firearms
2    that they would be currently undertaking but for their criminalization under
     I-594.

3    Dkt. 30 at 2.  It would seem then that the Court should evaluate this matter under the

4    factors set forth in *Thomas* because the issue before the Court is whether Plaintiffs'

5    alleged threat of prosecution is generalized or whether it is genuine and imminent.

6    *Thomas*, 220 F.3d at 1139.  Plaintiffs, however, contend that *Thomas* is outdated and has

7    been rejected by the Supreme Court.  Dkt. 30 at 8–10.  Plaintiffs submit numerous

8    arguments in support of this contention, but the arguments essentially boil down to a split

9    among district courts in this circuit.

10         Plaintiffs argue that *San Diego County Gun Rights*, upon which *Thomas* is based,

11   "has been undermined, if not entirely overruled, by the Supreme Court . . . ."  Dkt. 30 at

12   9.  In asserting this argument, Plaintiffs rely on the district court opinion in *Jackson v.*

13   *City & Cnty. of San Francisco*, 829 F. Supp. 2d 867 (N.D. Cal. 2011), in which the court

14   concluded that the validity of *San Diego County Gun Rights* is questionable in light of the

15   Supreme Court opinions of *District of Columbia v. Heller*, 554 U.S. 570 (2008), and

16   *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007).  *See Jackson*, 829 F. Supp. 2d

17   at 871–72.  Although at least one ruling in *Jackson* has been appealed, ruled on by the

18   Ninth Circuit, and has a pending petition for writ of certiorari before the Supreme Court,

19   that particular ruling does not involve either the standing inquiry or the court's

20   conclusion that *San Diego County Gun Rights* has, at least to some extent, been implicitly

21

22

overruled by the Supreme Court. Therefore, at most, *Jackson* is a persuasive authority on the issue before this Court.

In contrast to *Jackson*, Defendants have cited ten recent district court cases applying *San Diego County Gun Rights* and *Thomas* as binding authority. *See* Dkt. 32 at 5 nn.4–5. In light of this divide among the district courts, the Court opts for the more judicially conservative route and will apply the binding and not explicitly overruled precedent. Therefore, to the extent that Plaintiffs request the Court apply any legal framework other than that set forth in *Thomas*, the Court denies that request.

### 2. Injury

In this case, the issue of whether Plaintiffs' alleged threat of prosecution is generalized or whether it is genuine and imminent is rather straightforward. Because Plaintiffs fail to address the alleged facts of this case under the *Thomas* factors, Plaintiffs implicitly concede that at least this portion of Defendants' argument has merit. Regardless, even if the Court engages in a *sua sponte* evaluation of the alleged facts, Plaintiffs' alleged threat of prosecution is not genuine or imminent. In fact, Plaintiffs explicitly concede that they have no intention of violating I-594, Plaintiffs have failed to allege any specific warning or threat to initiate a prosecution, and Plaintiffs have failed to allege any history of past prosecution or enforcement of I-594. Therefore, under *Thomas*, the Court concludes that Plaintiffs have failed to show a genuine or imminent threat of prosecution and lack standing to bring this challenge to the "transfer" provision of I-594.

Plaintiffs do assert a brief argument that they are injured because they have to pay the transfer fee at a licensed dealer and wait a certain time period before a transfer is

1   completed.  Dkt. 30 at 7.  The Court, however, declines to conclude that this is sufficient

2   injury for at least two reasons.  First, the alleged injury is hypothetical because Plaintiffs

3   have failed to allege that any named plaintiff has actually paid the fee and/or has been

4   subjected to the wait period.

5        Second, Plaintiffs seek an injunction that the "transfer" provisions are invalid and

6   accepting review of only the fee and wait provisions would unlikely result in redressing

7   the gravamen of Plaintiffs' injury.  In other words, finding that the fee is too much or that

8   the wait period is too long is unlikely to result in a conclusion that I-594 is facially

9   unconstitutional in all respects.  Therefore, the Court concludes that Plaintiffs lack

10  standing to challenge I-594.[1]

11       The Court is sympathetic to Plaintiffs in that one must actually be prosecuted or

12  under actual or immediate threat of prosecution before the Court may address the

13  constitutionality of a statute.  While the fairness of this rule may definitely be questioned,

14  it is beyond the authority of this Court to either vacate or decline to enforce the rule.

15  Plaintiffs' federal claims will be dismissed without prejudice pending an actual injury, if

16  any shall occur.

17  **B.    Eleventh Amendment Immunity**

18       "A State's constitutional interest in immunity encompasses not merely *whether* it

19  may be sued, but *where* it may be sued."  *Pennhurst State Sch. & Hosp. v. Halderman*,

20  _____

21       [1] Because the Court concludes that Plaintiffs have failed to show an injury in fact, the
    Court declines to address the relevant issue of prudential standing, which is ripeness.  In fact, the
22  *Thomas* court concluded that, under similar facts, "the analysis is the same."  *Thomas*, 220 F.3d
    at 1139.

465 U.S. 89, 100 (1984) (emphasis supplied). "[B]ecause of the problems of federalism inherent in making one sovereign appear against its will in the courts of the other, a restriction upon the exercise of the federal judicial power has long been considered to be appropriate." *Employees v. Missouri Public Health & Welfare Dep't*, 411 U.S. 279, 294, 9 (1973).

In this case, Plaintiffs have sued the Attorney General's Office and have asserted claims under the Washington State Constitution against Bob Ferguson and John Batiste. Defendants move to dismiss these claims because, under the Eleventh Amendment, these particular claims may not be asserted in this forum. Dkt. 23 at 12–13. Plaintiffs concede that these particular claims should be dismissed, but ask for dismissal without prejudice. Defendants fail to address this concession in their reply. Therefore, the Court grants Plaintiffs' request and dismisses these claims without prejudice.

**IV. ORDER**

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 23) is **GRANTED**. Plaintiffs' claims are dismissed without prejudice, and the Clerk shall close this case.

Dated this 7th day of May, 2015.

_____
BENJAMIN H. SETTLE
United States District Judge

**ER - Tab # 4**

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

NORTHWEST SCHOOL OF SAFETY, a
Washington sole proprietorship, PUGET
SOUND SECURITY, INC., a Washington
corporation, PACIFIC NORTHWEST
ASSOCIATION OF INVESTIGATORS, INC.,
a Washington corporation, FIREARMS
ACADEMY OF SEATTLE, INC., a
Washington corporation, DARRYL LEE, XEE
DEL REAL, JOE WALDRON, GENE
HOFFMAN, ANDREW GOTTLIEB, ALAN
GOTTLIEB, GOTTLIEB FAMILY
REVOCABLE LIVING TRUST, a Washington
trust, and SECOND AMENDMENT
FOUNDATION, a non-profit organization,

                        Plaintiffs,

        v.

BOB FERGUSON, Attorney General of
Washington (in his official capacity),
WASHINGTON ATTORNEY GENERAL'S
OFFICE, and JOHN R. BATISTE, Chief of the
Washington State Patrol (in his official
capacity), and DOES I-V,

                        Defendants.

Case No.

**COMPLAINT**

COMPLAINT - 1

**CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE** LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**COMPLAINT**

Plaintiffs NORTHWEST SCHOOL OF SAFETY, PUGET SOUND SECURITY, INC., PACIFIC NORTHWEST ASSOCIATION OF INVESTIGATORS, INC., FIREARMS ACADEMY OF SEATTLE, INC., DARRYL LEE, XEE DEL REAL, JOE WALDRON, GENE HOFFMAN, ANDREW GOTTLIEB, ALAN GOTTLIEB, GOTTLIEB FAMILY REVOCABLE LIVING TRUST, and SECOND AMENDMENT FOUNDATION allege as follows:

**INTRODUCTION**

1.     Plaintiffs challenge the State of Washington's restriction on the non-commercial "transfer" of a firearm in Initiative to the Legislature Number 594 ("I-594") as being in violation of the Second and Fourteenth Amendments of the United States Constitution and Sections 3 and 24 of Article I of the Washington State Constitution.

2.     I-594's criminalization of the non-commercial "transfer" of firearms infringes on a host of Second Amendment rights, including the right to share a firearm for self-defense, the right to teach and learn hands-on firearm safety, the right to the return of a loaned firearm, and the right to take possession of a firearm when already licensed to do so by the State.  I-594's infringement is significantly more than an inconvenience, it presents a serious impediment to sharing firearms for self-defense and firearms safety, and imposes an overwhelming burden on individuals who are involved in repeated transfers of the same firearm (such as armed private security guards and private investigators who are required by state law to use firearms owned by their employer).

COMPLAINT - 2

**CORR CRONIN MICHELSON BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

3.      I-594 is also so vague that a person of ordinary intelligence cannot understand its scope, which renders it subject to arbitrary enforcement. For example, it is unclear whether I-594 applies in situations involving the following types of activity: family members' common use of a firearm stored in the family's gun-safe, where no delivery takes place to another person; employees' common use of a firearm stored in a company's gun-safe, where no delivery takes place to another person; the intended delivery of a firearm to a common carrier, such as FedEx, for the purposes of shipping; the intended delivery of a firearm to a storage facility, such as a safety deposit box; the intended delivery of a firearm to airline personnel for the purpose of checking the firearm to the passenger's destination; exchanges of firearms at a firing range when those firearms are not permanently kept at the range; the return of a firearm from a law enforcement officer after an individual provides it for inspection during an investigative stop; and the intended delivery of a firearm that is property of a trust from one trustee of the trust to another. The agencies of the State of Washington have so far either disclaimed the responsibility to interpret I-594 or provided interpretations that are so far removed from the language as to be useless.

4.      The broad and poorly constructed restrictions in I-594 render the enactment unconstitutional.

## THE PARTIES

5.      Plaintiff NORTHWEST SCHOOL OF SAFETY ("Northwest School of Safety") is a Washington sole proprietorship owned and operated by Monica Cowles, with its principal offices in Aberdeen, Washington. The Northwest School of Safety provides foundational

COMPLAINT - 3

**CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

firearm safety classes to women ranging in age from their teens to their 70s at Ms. Cowles'

residence to ensure a non-threatening environment for beginning students who may be nervous

about handling firearms. The Northwest School of Safety encourages students to bring their

own firearms to class to provide its students the opportunity to learn the non-firing

fundamentals of grip, safe handling, loading, and addressing malfunctions on their own

firearms. The Northwest School of Safety also owns two .22 caliber pistols for use by students

without their own firearms and intended to provide the additional opportunity to live-fire a

small caliber, low recoil, firearm while learning about stance, sight alignment, and smooth

trigger press. In order to accomplish this training, the firearms are handed from instructor to

student, jointly held by instructor and student, and handed from student back to the instructor.

The Northwest School of Safety fears arrest, prosecution, fine, and imprisonment for its

instructors and its patrons as a result of the "transfer" in possession of firearms that it would

undertake at its classes but for their criminalization under I-594.

    6.    Plaintiff PUGET SOUND SECURITY, INC. ("Puget Sound Security") is a

Washington corporation with its principal offices in Bellevue, Washington. Puget Sound

Security is a licensed private security company. By Washington State law, Puget Sound

Security is required to own or lease the firearms used by its employees and the employees who

carry firearms on duty are required to acquire an armed private security guard license. Puget

Sound Security owns 12 firearms for 300 employees, which can require multiple changes in

possession of a given firearm throughout a day. Puget Sound Security fears arrest, prosecution,

fine, and imprisonment for the "transfer" in possession of firearms that it would undertake

COMPLAINT - 4

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

within the company but for their criminalization under I-594.

7.     Plaintiff PACIFIC NORTHWEST ASSOCIATION OF INVESTIGATORS, INC. ("PNAI") is a Washington corporation with its principal offices in Seattle, Washington. PNAI is a professional organization of licensed investigators incorporated in the state of Washington, with 38 members.   The purposes of the PNAI include establishing goals for professional conduct and behavior, promoting the well-being of the profession, and developing laws that enhance the profession and protect the public.   By Washington State law, PNAI's members are required to own the firearms used by their employees and the employees who carry firearms on duty are required to acquire an armed private investigator license.   Eight members of the PNAI qualified as armed private investigators are also retired law enforcement officers, permitted to carry concealed firearms nationwide under federal law.   PNAI's members fear arrest, prosecution, fine, and imprisonment for the "transfer" in possession of firearms that it would undertake within the members' companies but for their criminalization under I-594.

8.     Plaintiff FIREARMS ACADEMY OF SEATTLE, INC. ("Firearms Academy of Seattle") is a Washington corporation with its principal offices in unincorporated Lewis County, Washington.   Firearms Academy of Seattle has operated a shooting instruction business with a live fire shooting range since 1995 in Lewis County.   Firearms Academy of Seattle cannot determine whether temporary transfers at the shooting range are exempted by I-594 because there is no indication of whether it is "authorized by the governing body of the jurisdiction in which such range is located."   Firearms Academy of Seattle has addressed this question to the Lewis County Prosecuting Attorney, who could not provide an answer because

COMPLAINT - 5

**CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE** LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Lewis County does not require or provide licenses or permits for shooting ranges. Firearms Academy of Seattle fears arrest, prosecution, fine, and imprisonment for its instructors and its patrons as a result of the "transfer" in possession of firearms that would take place at the shooting range but for their criminalization under I-594.

9.    Plaintiffs DARRYL LEE ("Darryl Lee") and XEE DEL REAL ("Daisy Del Real") are a cohabitating couple residing in Lake Stevens, Washington. Darryl Lee and Daisy Del Real both have valid concealed pistol licenses and share a firearm that they keep in their home. Darryl Lee and Daisy Del Real cannot determine whether their joint use of their firearm is criminalized by I-594. Darryl Lee and Daisy Del Real fear arrest, prosecution, fine, and imprisonment for the "transfer" in possession of firearms that they would undertake but for their criminalization under I-594.

10.    Plaintiff JOE WALDRON ("Waldron") is a resident of Florida. Waldron is the legislative director for the Citizen's Committee for the Right to Keep and Bear Arms ("CCRKBA"), the Chairman/Treasurer of Gun Owner's Action League of Washington, and is a registered Washington state lobbyist; he travels to Washington frequently for business related to those positions. When traveling in Washington, Waldron exercises his right to carry a firearm for self-defense pursuant to a valid Washington State concealed pistol license. Waldron would check a firearm in his luggage but cannot determine whether the act of "transferring" the firearm to or from an airline employee is governed by I-594. Waldron would also borrow a pistol from Plaintiff Alan Gottlieb, but federal law prohibits a licensed dealer in Washington from transferring a handgun to non-resident Waldron, making I-594's requirement

COMPLAINT - 6

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

of transfers through a licensed dealer impossible for Waldron. Waldron fears arrest, prosecution, fine, and imprisonment for the "transfer" in possession of firearms that he would undertake but for their criminalization under I-594.

11.     Plaintiff GENE HOFFMAN ("Hoffman") is a resident of California. Hoffman is the Chairman of the CalGuns Foundation and a board member of Plaintiff Second Amendment Foundation. When traveling in Washington, Hoffman exercises his right to carry a firearm for self-defense pursuant to license which allows him to carry a concealed firearm under Washington law. Hoffman would check a firearm in his luggage, but cannot determine whether the act of "transferring" the firearm to or from an airline employee is governed by I-594. Hoffman would also borrow a pistol from Plaintiff Alan Gottlieb, but federal law prohibits a licensed dealer in Washington from transferring a handgun to non-resident Hoffman, making I-594's requirement of transfers through a licensed dealer impossible for Hoffman. In the past, Hoffman has kept his boat at various marinas in the Puget Sound for vacation and business use. He intends to either purchase a larger boat in the Puget Sound or bring his current boat back to the Puget Sound for cruising. He would leave his firearms with friends who are Washington residents before traveling into Canadian waters as bringing a handgun into Canada is generally prohibited for U.S. Citizens, a practice in which Hoffman cannot engage due to the restrictions imposed by the combination of I-594 and federal law. Hoffman fears arrest, prosecution, fine, and imprisonment for the "transfer" in possession of firearms that he would undertake but for their criminalization under I-594.

12.     Plaintiff ANDREW GOTTLIEB ("Andrew Gottlieb") is a resident of Arizona.

COMPLAINT - 7

**CORR CRONIN MICHELSON BAUMGARDNER FOGG & MOORE** LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Andrew Gottlieb is a trustee of a trust which owns firearms and other tangible property, the trustees of which include Andrew Gottlieb and Plaintiff Alan Gottlieb. The trustees would exchange the trust property between the trustees but cannot determine whether that act is governed by I-594. If I-594 did govern the transfer of trust property between the trustees, federal law would prohibit a licensed dealer in Washington from transferring a handgun to non-resident Andrew Gottlieb, making I-594's requirement of transfers through a licensed dealer impossible for Andrew Gottlieb. Andrew Gottlieb fears arrest, prosecution, fine, and imprisonment for the "transfer" in possession of firearms that he would undertake but for their criminalization under I-594.

13.     Plaintiff ALAN GOTTLIEB ("Alan Gottlieb") is a resident of Bellevue, Washington. Alan Gottlieb is the founder and Executive Vice-President of Plaintiff Second Amendment Foundation and the Chairman of CCRKBA. Alan Gottlieb is also a trustee of a trust which owns firearms and other tangible property, the trustees of which include Alan Gottlieb and Plaintiff Andrew Gottlieb. Alan Gottlieb would lend firearms to Plaintiffs Waldron and Hoffman, store a firearm for Hoffman during Hoffman's trips to Canadian waters, and exchange trust property with fellow trustee Andrew Gottlieb, but federal law prohibits a licensed dealer in Washington from transferring firearms to non-residents Waldron, Hoffman and Andrew Gottlieb, making I-594's requirement of transfers through a licensed dealer impossible for Waldron, Hoffman and Andrew Gottlieb. Alan Gottlieb fears arrest, prosecution, fine, and imprisonment for the "transfer" in possession of firearms that he would undertake but for their criminalization under I-594.

COMPLAINT - 8

**CORR CRONIN MICHELSON**
**BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

14.     Plaintiff GOTTLIEB FAMILY REVOCABLE LIVING TRUST ("Gottlieb Trust") is a trust established under the laws of Washington, with its address in Bellevue, Washington.  Alan Gottlieb and Andrew Gottlieb are co-trustees of the Gottlieb Trust, which includes firearms and other tangible property.  The trustees would exchange the trust property between the trustees but cannot determine whether that act is governed by I-594.  If I-594 did govern the transfer of trust property between the trustees, federal law would prohibit a licensed dealer in Washington from transferring a handgun to non-resident Andrew Gottlieb, making I-594's requirement of transfers through a licensed dealer impossible for Andrew Gottlieb.  The trust and its trustees fear arrest, prosecution, fine, and imprisonment for the "transfer" in possession of firearms owned by the trust that the trustees would undertake but for their criminalization under I-594.

15.     Plaintiff SECOND AMENDMENT FOUNDATION, INC. ("SAF") is a non-profit member organization incorporated under the laws of the state of Washington with its principal place of business in Bellevue, Washington.  SAF has over 650,000 members and supporters nationwide.  The purposes of SAF include promoting the exercise of the right to keep and bear arms and education, publishing, and legal action focusing on the constitutional right to privately own and possess firearms.  SAF also promotes research and education on the consequences of abridging the right to keep and bear arms and on the historical grounding and importance of the right to keep and bear arms as one of the core civil rights of United States citizens.  Members of SAF would make non-commercial transfers of firearms, but refrain from doing so because they understand it may be unlawful to do so and fear arrest, prosecution, fine,

COMPLAINT - 9

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

and imprisonment. SAF brings this action on behalf of itself and its members. Plaintiffs Waldron, Hoffman, and Alan Gottlieb are members of SAF.

16. Defendant BOB FERGUSON ("Ferguson") is the Attorney General of the State of Washington and is obligated to supervise his agency and comply with all statutory duties under Washington law. He is charged with enforcing, interpreting, and promulgating regulations regarding the transfer of firearms under Washington law, including I-594. Ferguson is responsible for executing and administering Washington's laws, customs, practices, and policies at issue in this lawsuit. Defendant Ferguson is sued in his official capacity.

17. Defendant WASHINGTON ATTORNEY GENERAL'S OFFICE ("AGO") is an agency of the state of Washington, headed by the Attorney General, with a statutory duty to enforce, administer, and interpret the law and promulgate regulations regarding the transfer of firearms under Washington law, including I-594.

18. Defendant JOHN R. BATISTE ("Batiste") is Chief of the Washington State Patrol and is obligated to supervise his agency and comply with all statutory duties under Washington law. Batiste is responsible for executing and administering Washington's laws, customs, practices, and policies at issue in this lawsuit. Defendant Batiste is sued in his official capacity.

19. At this time, Plaintiffs are ignorant of the names of any additional individuals responsible for implementing or enforcing I-594. Plaintiffs therefore name these individuals as Doe Defendants and reserve the right to amend this Complaint when their true names are

COMPLAINT - 10

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

ascertained. Furthermore, if and when additional persons and entities are discovered to have assisted and/or lent support to the enforcement alleged herein, Plaintiffs reserve the right to amend this Complaint to add persons and/or entities as Defendants.

20.    Collectively, Ferguson, AGO, Batiste, and Does are referred to hereinafter as "Defendants." [1]

## JURISDICTION AND VENUE

21.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343, 1367, 2201, 2202 and 42 U.S.C. § 1983.

22.    This Court has personal jurisdiction over each of the Defendants because they are residents of the state of Washington, acted under the color of laws, policies, customs, and/or practices of the state of Washington, and acted within the state of Washington.

23.    Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

### I-594

*Enactment of I-594*

24.    I-594, an initiative to extend background checks for guns sales and transfers in the state of Washington, went into effect on December 4, 2014.

---

[1] The Defendants in this case were chosen purely because of their official duty to interpret and enforce I-594 in the areas in which the Plaintiffs are subject to I-594. It should be noted that some of the Defendants may not personally agree with the enactment, but are bound to enforce the law as it stands.

COMPLAINT - 11

**CORR CRONIN MICHELSON**
**BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

25.     I-594 included, among other provisions, the following amendments to RCW 9.41:

    a)  Adding a definition to RCW 9.41.010 that "'Person' means any individual, corporation, company, association, firm, partnership, club, organization, society, joint stock company, or other legal entity."

    b)  Adding a definition to RCW 9.41.010 that "'Transfer' means the intended delivery of a firearm to another person without consideration of payment or promise of payment, including, but not limited to, gifts and loans."

    c)  Adding a section stating that all firearm transfers shall be subject to background checks, and where neither party is a licensed dealer, the transfer must be accomplished by completing the transfer through a licensed dealer. The dealer may charge a fee reflecting the market value of the costs incurred for facilitating the transfer.

    d)  Exempting the following transfers from being completed through a licensed dealer: bona fide gifts between immediate family members; temporary transfers to prevent imminent death or great bodily harm; temporary transfers to and from gunsmiths for the purpose of service or repair; temporary transfers between spouses or domestic partners; certain temporary transfers at shooting ranges, organized competitions, and hunting outings; certain temporary transfers to minors, and certain transfers by the operation of law.

    e)  Exempting law enforcement officers acting in the course of their official duties.

COMPLAINT - 12

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

f) Prohibiting a licensed dealer from delivering a firearm to a transferee until the earlier of the receipt of a cleared background check or ten business days elapsing.

g) Making the violation of the chapter a gross misdemeanor for a first offense and a class C felony for subsequent offenses.

*Interpretation and Enforcement of I-594*

26.     Shortly after I-594 passed, the Washington State Patrol, through its spokesman Bob Calkins, announced that the agency was not planning any arrests or citations of individuals planning to protest the passage of I-594 by trading firearms amongst themselves without subjecting the changes in possession to background checks, noting that "We don't think that we could prove that that's a transfer."

27.     On December 2, 2014, the Washington Department of Fish and Wildlife issued guidance on I-594 that it had formulated "in close consultation with our legal counsel in the Attorney General's Office." The guidance was focused on the Department's hunter education and stated, in part, that transfers between the Department's volunteer hunter education instructors and their students are exempt because the instructors are agents of the Department, which is in turn exempt as a law enforcement agency. The guidance goes on to note, however, that transfers between students would not be exempt, but that instructors could avoid liability under I-594 by engaging in a straw-man transfer by taking the firearm from one student and handing it to another.

28.     On December 5, 2014, the Washington Department of Licensing issued a

COMPLAINT - 13

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

statement that the DOL's Firearms Program would not "provide legal advice or help the public or licensed firearm dealers interpret the firearms statutes found in RCW 9.41 or I-594."

29.     Plaintiffs are not aware of any arrests, citations, or prosecutions related to a violation of I-594 in the month it has been in effect.  But Plaintiffs and members of the SAF have refrained and continue to refrain from engaging in Constitutionally protected activities for fear of arrest and prosecution under I-594.

### Washington's Firearm Licenses

30.     In Washington State, a license is not required to openly carry a firearm.

31.     However, as relevant to Plaintiffs, Washington State has two licenses that may be obtained for the use of the specialized carrying of firearms: the concealed pistol license ("CPL") and the armed private security guard license.

*CPL*

32.     RCW 9.41.070 authorizes local law enforcement officials to issue a license to a person to carry a pistol concealed on his or her person within the state for five years from the date of issue.  Pursuant to RCW 9.41.070, the "applicant's constitutional right to bear arms shall not be denied" unless the applicant is ineligible to possess a firearm (*i.e.* a felon, on bond pending a felony charge, subject of court order or warrant, or has been ordered to forfeit a firearm within one year of the application), their CPL has been revoked, or they are under 21. A CPL may only be granted after the applicant has passed a background check through the national instant criminal background check system, the Washington State Patrol electronic database, the Department of Social and Health Services electronic database, and with other

COMPLAINT - 14

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

agencies or resources as appropriate.  Under 9.41.075, a CPL shall be immediately revoked upon discovery that the person is ineligible to possess a firearm.

*Washington Armed Private Security Guard and Private Investigator Licenses*

33.     RCW 18.165 and RCW 18.170 authorizes the Department of Licensing to issue licenses to allow private security guards and private investigators to carry a firearm on duty for a period of one year.

34.     Pursuant to RCW 18.165 and RCW 18.170, armed private security guard licenses and armed private investigator licenses require, among other things, that the applicant pass a background check and have been issued a current firearms certificate issued by the Criminal Justice Training Commission.  A year-long firearms certificate may only be obtained under RCW 43.101.250-260 and WAC 139-30 after receiving at least eight hours of firearm training that shall include classroom instruction on legal issues regarding the use of deadly force, decision making regarding the use of deadly force, safe firearms handling, and basic tactics in the use of deadly force; a written examination; a skills test requiring demonstration of satisfactory proficiency in safe firearms handling; and a range qualification demonstrating proficiency with the specific firearms that are to be used in the course of duty.

35.     Pursuant to RCW 18.165.060, a private investigator agency is required to own or lease all of the firearms carried by its armed private investigators in the performance of their duties.  Similarly, pursuant to RCW 18.170.050, a private security company is required to own or lease all of the firearms carried by its armed private security guards in the performance of their duties.

COMPLAINT - 15

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

*Federal Law Enforcement Officers' Safety Act*

36.     18 U.S.C. § 926C preempts state law to permit certain retired law enforcement officers to carry concealed firearms.  These retired officers must carry identification issued by the law enforcement agency with which the officer previously served and a certification issued by the State stating that the officer has met the active duty standards for qualification in firearms training to carry a firearm of the same type of the concealed firearm.  The state of Washington has provided the mechanism for such certification through RCW 36.28A.090.

**I-594's Infringement on Constitutional Rights**

*Second Amendment*

37.     I-594 infringes on the shared use of firearms among individuals who live in the same home unless they are spouses or domestic partners.  I-594 requires long time cohabitating couples as well as parents and children to remove a jointly used firearm from their home and place it with a licensed dealer in order to effectuate a change of possession, no matter how temporary.  While I-594 allows for temporary transfers to prevent imminent death or great bodily harm, the length of the transfer must last no longer than necessary to prevent this danger, preventing one member of a cohabitating couple, such as Darryl Lee and Daisy Del Real, from transferring a firearm to the other for other uses, such as the regular lawful carrying of a firearm for self-defense, or in less-emergent self-defense situations where there is only a possibility of death or great bodily harm.

38.     I-594 infringes on an individual's ability to receive hands-on firearms safety training so that they may adequately practice self-defense.  Plaintiff Northwest School of Safety

COMPLAINT - 16

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

provides women of all ages with access to two pistols as part of a foundational firearms safety training which involves the students temporarily receiving a firearm from an instructor in order to learn the fundamentals of, among other things, safely holding and loading a firearm. Although I-594 may permit firearms safety courses taught at licensed firing ranges, any other courses would have to accomplish hands-on training by funneling each change of possession between the student and instructor through a licensed dealer and the resulting up-to two week waiting period for each transfer.

39.     I-594 infringes on a firearm owner's ability to retake possession of a firearm that has been previously loaned to another individual. I-594 requires that the owner of a firearm who has loaned it to another may not retake possession of the firearm without doing so through a licensed dealer. Plaintiff Alan Gottlieb, who is already licensed by the state of Washington to carry a concealed firearm, would loan his firearms to Plaintiffs Waldron, Hoffman and Andrew Gottlieb, but would not be able to retake possession of the firearms without incurring the expense and inconvenience of using a licensed dealer to conduct a subsequent "background check" each time a firearm changes hands.

40.     I-594 completely prohibits an out-of-state individual from borrowing a handgun to lawfully carry for self-defense while in the state of Washington. Federal law prohibits a licensed dealer in Washington from transferring a handgun directly to a non-resident, 18 U.S.C. § 922(b)(3), which would make it impossible for a licensed dealer to effectuate that transfer, even if it is to be used or carried temporarily for self-defense. I-594 prevents Plaintiffs Waldron and Hoffman, who are both licensed to carry firearms in the state of Washington,

COMPLAINT - 17

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

from temporarily obtaining a firearm for self-defense while they are traveling in Washington. I-594 prevents Plaintiff Hoffman from retrieving firearms he stored in Washington while he is sailing in Canadian waters.

41.     I-594 infringes on transfers between individuals who have already been licensed to carry firearms by the state of Washington.  An individual with a CPL, an armed private security guard license, an armed private investigator license, or retired law enforcement officer certification has previously been approved for possession and carrying of firearms in the state of Washington.  Requiring these individuals to undergo background checks to receive a firearm is futile, an unreasonable fit with the asserted objectives of I-594, and an infringement of their right to possess and carry a firearm.  Plaintiffs Puget Sound Security and PNAI members regularly give possession of company firearms to employees who are licensed by the state of Washington.  This process is required by state law for Puget Sound Security and PNAI members, who are required to own or lease the firearms used by their employees.

42.     I-594 presents an unreasonable fit for repetitive transfers as it imposes an undue burden in the form of additional expenses, travel, and time lost resulting from the continuous necessity to return to a licensed dealer.  I-594 requires that all transfers be accomplished through a licensed dealer, irrespective of whether a previous transfer between the parties had been approved a day earlier.  The licensed dealer may charge an administrative fee for every transfer, even if numerous transfers of the same firearm are required between the same parties. The licensed dealer is also required to take possession of the firearm for every transfer and may only deliver it to the transferee upon the return of a clear background check or the expiration of

COMPLAINT - 18

**CORR CRONIN MICHELSON BAUMGARDNER FOGG & MOORE** LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

ten business days. This process renders repetitive transfers, at best, prohibitively expensive and time-consuming and more likely functionally impossible. Through this process I-594 effectively bans, among others, a family's sharing of a firearm for self-defense (*i.e.* Darryl Lee and Daisy Del Real), firearm safety courses (*i.e.* Northwest School of Safety), repeated lending of firearms (*i.e.* Alan Gottlieb), and businesses that are required by state law to own or lease the firearms used by their employees (*i.e.* Puget Sound Security and PNAI).

43. The impacts of I-594 detailed above infringe upon or effectively ban the Plaintiffs' exercise of their Constitutionally protected rights.

*Vagueness*

44. I-594's broad, but incomplete, definition of transfer combined with poorly defined exemptions make it impossible for a person of ordinary intelligence to ensure that their conduct is lawful.

45. Plaintiffs cannot determine what actions are considered a "transfer" under I-594. I-594 states that a transfer is the non-commercial "intended delivery" of a firearm to another person. Plaintiffs cannot determine whether the following acts satisfy this definition:

    a) family members' common use of a firearm stored in the family's gun-safe, where no delivery takes place to another person;

    b) employees' common use of a firearm stored in a company's gun-safe, where no delivery takes place to another person;

    c) the intended delivery of a firearm to a common carrier, such as FedEx, for the purposes of shipping;

    d) the intended delivery of a firearm to a storage facility, such as a safety deposit box;

COMPLAINT - 19

**CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

e)   the intended delivery of a firearm to airline personnel for the purpose of checking the firearm to the passenger's destination;

f)   exchanges of firearms at a firing range when those firearms are not permanently kept at the range;

g)   exchanges of firearms at a firing range when the governing body of the jurisdiction in which such range is located does not require or grant authorization or licensing of a shooting range;

h)   the return of a firearm from a law enforcement officer after an individual provides it for inspection during an investigative stop; and

i)   the intended delivery of a firearm that is property of a trust from one trustee of the trust to another.

46.   Further, Plaintiffs cannot determine who is a "person" under I-594 for the purposes of regulating transfers in the following circumstances:

a)   whether corporations are separate persons from their employees/agents for transfers conducted for the purpose of employment, and, if so, which individual must represent the corporation at a licensed dealer for a background check; and

b)   whether trustees are separate persons from each other and from the trust for the purposes of the handling of trust property, and, if so, which individual must represent the trust at a licensed dealer for a background check.

47.   Plaintiffs are engaging in these acts, or would engage in these acts were it not for the threat of punishment under I-594.

48.   Law enforcement officers, including the Defendants, have no means to determine the answer to these questions. As demonstrated by the Department of Fish and Wildlife's guidance to conduct straw-man transfers and the Washington State Patrol's statement that they did not believe they could prove that a change of possession not covered by an I-594 exemption was a "transfer", enforcement of I-594 would be difficult, if not

COMPLAINT - 20

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

impossible, and will result in differing interpretations of the meaning in different jurisdictions.

## CAUSES OF ACTION

### Count I – Right to Keep and Bear Arms – U.S. Constitution, Amendments II and XIV; WA Constitution, Art. I, Section 24, and 42 U.S.C. § 1943

49.     Paragraphs 1 through 48 above are incorporated as though fully stated herein.

50.     The Second Amendment to the United States Constitution states that "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  The Supreme Court of the United States has held that the Second Amendment guarantees the right of individual citizens to keep and bear commonly-used firearms for all lawful purposes.  *See District of Columbia v. Heller*, 554 U.S. 570 (2008).  This right includes carrying firearms in the home as well as in public.  *See Peruta v. County of San Diego*, 742 F.3d 1144 (9th Cir. 2014).  Corollary to the Second Amendment guarantee of an individual's fundamental right to possess commonly-used firearms is the ability to acquire said handguns for possession.

51.     The Second Amendment is fully applicable against the States and incorporated through the Fourteenth Amendment.  *See McDonald v. Chicago*, 561 U.S. 742 (2010).

52.     Article I, Section 24 of the Washington State Constitution provides a similar, although broader right, stating that the "right of the individual to bear arms in defense of himself, or the state, shall not be impaired . . . ."

53.     I-594, with its amendments to RCW 9.41 relating to non-commercial transfers of firearms, as well as Defendants' enforcement of the same, prohibit, substantially interfere with, inhibit access to, and infringe upon the right to possess firearms and thus infringe

COMPLAINT - 21

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Plaintiffs' rights under the Second and Fourteenth Amendment of the U.S. Constitution as well as the rights in Article I, Section 24 of the Washington State Constitution.

54.    By maintaining and enforcing a set of laws infringing on the Plaintiffs' access to firearms, Defendants are creating and following customs, policies, and practices that violate the Second Amendment, both facially and as applied against the individual Plaintiffs in this action, thereby injuring Plaintiffs in violation of 42 U.S.C. § 1983.

55.    Because Plaintiffs are being deprived of their constitutional rights, Plaintiffs' injuries are irreparable and subject to declaratory, preliminary, and permanent injunctive relief against the Defendants' improper customs, policies, and practices.

<u>**Count II – Void for Vagueness –**</u>
<u>**U.S. Constitution, Amendment XIV and WA Constitution, Art. I, Section 3**</u>

56.    Paragraphs 1 through 55 above are incorporated as though fully stated herein.

57.    The Fourteenth Amendment to the United States Constitution guarantees due process by requiring adequate guidance to those who would be law-abiding that they may have a reasonable opportunity to know what is prohibited.  Vague statutes are thus prohibited because they impermissibly delegate basic policy matters to law enforcement, judges, and juries on an *ad hoc* and subjective basis.

58.    Article I, Section 3 of the Washington State Constitution provides a similar, although broader right, stating that "No person shall be deprived of life, liberty, or property without due process of law."

59.    The portions of I-594 that regulate non-commercial transfers are so vague that a person of ordinary intelligence cannot understand their scope, which renders it subject to

COMPLAINT - 22

**CORR CRONIN MICHELSON**
**BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

arbitrary enforcement. The potential for arbitrary and inconsistent application of I-594 chills the exercise of the right to bear arms and violates the guarantee of due process of law in the Fourteenth Amendment of the U.S. Constitution and Article I, Section 3 of the Washington State Constitution. These portions of I-594 are accordingly void for vagueness, both facially and as applied against the individual Plaintiffs in this action.

60.     Because Plaintiffs are being deprived of their constitutional rights, Plaintiffs' injuries are irreparable and subject to declaratory, preliminary, and permanent injunctive relief.

**PRAYER FOR RELIEF**

Plaintiffs request judgment entered in their favor against Defendants as follows:

1.     An order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing I-594's amendments to RCW 9.41 relating to non-commercial transfers of firearms to private citizens who are otherwise qualified to possess firearms, or otherwise enforcing any policies, rules, or procedures prohibiting or otherwise restricting the non-commercial transfer of firearms to private citizens who are otherwise qualified to possess firearms;

2.     Declaratory relief consistent with the injunction;

3.     Attorney fees and costs pursuant to 42 U.S.C. § 1988; and

4.     Any other relief as the Court deems just and proper.

COMPLAINT - 23

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    DATED this 30th day of December, 2014.

2                              CORR CRONIN MICHELSON
                             BAUMGARDNER FOGG & MOORE LLP
3

4

5                              _____/s/ Steven W. Fogg_____
                             Steven W. Fogg, WSBA No. 23528
6                            David B. Edwards, WSBA No. 44680
                             1001 Fourth Avenue, Suite 3900
7                            Seattle, Washington 98154
                             Tel: (206) 625-8600
8                            Fax: (206) 625-0900
                             Email:    sfogg@corrcronin.com
9                                      dedwards@corrcronin.com

10

11                           Mikolaj T. Tempski, WSBA No. 42896
                             Tempski Law Firm, PS
12                           40 Lake Bellevue Dr., Suite 100
                             Bellevue, WA 98005
13                           Email:    miko@tempskilaw.com

14                                 Attorneys for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT - 24

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

ER   36

ER - Tab # 5

# U.S. District Court
# United States District Court for the Western District of Washington (Tacoma)
## CIVIL DOCKET FOR CASE #: 3:14−cv−06026−BHS

Northwest School of Safety et al v. Ferguson et al
Assigned to: Judge Benjamin H. Settle
Cause: 28:2201 Constitutionality of State Statute(s)

Date Filed: 12/30/2014
Date Terminated: 05/08/2015
Jury Demand: None
Nature of Suit: 950 Constitutional − State
Statute
Jurisdiction: Federal Question

| | | |
|---|---|---|
| **Plaintiff** | | |
| **Northwest School of Safety**<br>*a Washington sole proprietorship* | represented by | **David B Edwards**<br>CORR CRONIN MICHELSON<br>BAUMGARDNER &PREECE<br>1001 4TH AVE<br>STE 3900<br>SEATTLE, WA 98154−1051<br>206−625−8600<br>Email: dedwards@corrcronin.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Mikolaj T. Tempski**<br>TEMPSKI LAW FIRM PS<br>40 LAKE BELLEVUE, SUITE 100<br>BELLEVUE, WA 98005<br>425−998−6203<br>Email: Miko@TempskiLaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Steven W Fogg**<br>CORR CRONIN MICHELSON<br>BAUMGARDNER &PREECE<br>1001 4TH AVE<br>STE 3900<br>SEATTLE, WA 98154−1051<br>206−274−8669<br>Email: sfogg@corrcronin.com<br>*ATTORNEY TO BE NOTICED* |
| **Plaintiff** | | |
| **Puget Sound Security, Inc.**<br>*a Washington corporation* | represented by | **David B Edwards**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Mikolaj T. Tempski**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Steven W Fogg**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| **Plaintiff** | | |
| **Pacific Northwest Association of Investigators, Inc.**<br>*a Washington corporation* | represented by | **David B Edwards**<br>(See above for address)<br>*LEAD ATTORNEY* |

ER 37

*ATTORNEY TO BE NOTICED*

**Mikolaj T. Tempski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven W Fogg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Firearms Academy of Seattle, Inc.**        represented by    **David B Edwards**
*a Washington corporation*                                     (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Mikolaj T. Tempski**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Steven W Fogg**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Darryl Lee**                               represented by    **David B Edwards**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Mikolaj T. Tempski**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Steven W Fogg**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Xee Del Real**                             represented by    **David B Edwards**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Mikolaj T. Tempski**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Steven W Fogg**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joe Waldron**                              represented by    **David B Edwards**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

Mikolaj T. Tempski
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Steven W Fogg
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gene Hoffman**                    represented by   **David B Edwards**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Mikolaj T. Tempski**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Steven W Fogg**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Andrew Gottlieb**                 represented by   **David B Edwards**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Mikolaj T. Tempski**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Steven W Fogg**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Alan Gottlieb**                   represented by   **David B Edwards**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Mikolaj T. Tempski**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Steven W Fogg**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gottlieb Family Revocable Living**   represented by   **David B Edwards**
**Trust**                                               (See above for address)
*a Washington trust*                                    *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Mikolaj T. Tempski**
                                                        (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven W Fogg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Second Amendment Foundation**           represented by   **David B Edwards**
*a non−profit organization*                               (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Mikolaj T. Tempski**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Steven W Fogg**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Bob Ferguson**                          represented by   **Jeffrey T Even**
*Attorney General of Washington (in his*                   ATTORNEY GENERAL'S OFFICE
*official capacity)*                                        PO BOX 40100
                                                          OLYMPIA, WA 98504−0100
                                                          360−753−6200
                                                          Fax: FAX 1−360−664−2963
                                                          Email: jeffe@atg.wa.gov
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Noah Guzzo Purcell**
                                                          ATTORNEY GENERAL'S OFFICE
                                                          (40110−OLY)
                                                          PO BOX 40110
                                                          OLYMPIA, WA 98504
                                                          360−664−0869
                                                          Email: noahp@atg.wa.gov
                                                          *ATTORNEY TO BE NOTICED*

                                                          **R July Simpson**
                                                          ATTORNEY GENERAL OF
                                                          WASHINGTON (40100−OLY)
                                                          PO BOX 40100
                                                          OLYMPIA, WA 98504−0100
                                                          360−534−4850
                                                          Email: RJulyS@atg.wa.gov
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Rebecca Ripoli Glasgow**
                                                          WASHINGTON STATE ATTORNEY
                                                          GENERAL'S OFFICE
                                                          PO BOX 40124
                                                          OLYMPIA, WA 98504
                                                          360−586−6494
                                                          Email: RebeccaG@atg.wa.gov
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Washington Attorney General's Office**       represented by   **Jeffrey T Even**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Noah Guzzo Purcell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**R July Simpson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rebecca Ripoli Glasgow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Batiste**       represented by   **Jeffrey T Even**
*Chief of the Washington State Patrol (in*       (See above for address)
*his official capacity)*       *ATTORNEY TO BE NOTICED*

**Noah Guzzo Purcell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**R July Simpson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rebecca Ripoli Glasgow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does I−V**

V.

**Intervenor Defendant**

**Cheryl Stumbo**       represented by   **Gregory J Wong**
PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WA 98101
206−245−1700
Fax: 206−245−1750
Email: greg.wong@pacificalawgroup.com
*ATTORNEY TO BE NOTICED*

**Paul J Lawrence**
PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WA 98101
206−245−1700
Email: paul.lawrence@pacificalawgroup.com
*ATTORNEY TO BE NOTICED*

**Sarah S Washburn**
PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000

SEATTLE, WA 98101
206−245−1747
Email: sarah.washburn@pacificalawgroup.com
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

| | | |
|---|---|---|
| **Washington Alliance for Gun Responsibility** | represented by | **Gregory J Wong** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **Paul J Lawrence** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **Sarah S Washburn** (See above for address) *ATTORNEY TO BE NOTICED* |

**Intervenor Defendant**

| | | |
|---|---|---|
| **Everytown for Gun Safety Action Fund for I594** | represented by | **Gregory J Wong** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **Paul J Lawrence** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **Sarah S Washburn** (See above for address) *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 06/18/2015 | 42 | TRANSCRIPT REQUEST by Plaintiffs Xee Del Real, Firearms Academy of Seattle, Inc., Alan Gottlieb, Andrew Gottlieb, Gottlieb Family Revocable Living Trust, Gene Hoffman, Darryl Lee, Northwest School of Safety, Pacific Northwest Association of Investigators, Inc., Puget Sound Security, Inc., Second Amendment Foundation, Joe Waldron for proceedings held on Requesting Attorney: Steven W Fogg. (Fogg, Steven) (Entered: 06/18/2015) |
| 06/09/2015 | 41 | TIME SCHEDULE ORDER (15−35452) as to 39 Notice of Appeal,, filed by Joe Waldron, Alan Gottlieb, Everytown for Gun Safety Action Fund for I594, Gene Hoffman, Xee Del Real, Northwest School of Safety, Andrew Gottlieb, Puget Sound Security, Inc., Gottlieb Family Revocable Living Trust, Firearms Academy of Seattle, Inc., Pacific Northwest Association of Investigators, Inc., Second Amendment Foundation, Darryl Lee: Mediation Questionnaire due by 06/16/2015; Appellants opening brief due by 09/14/2015; Appellees response brief due by 10/13/2015; Appellants optional reply brief due within 14 days of service of the response brief. (RE) (Entered: 06/10/2015) |
| 06/05/2015 | 40 | REPRESENTATION STATEMENT, by Plaintiffs Xee Del Real, Firearms Academy of Seattle, Inc., Alan Gottlieb, Andrew Gottlieb, Gottlieb Family Revocable Living Trust, Gene Hoffman, Darryl Lee, Northwest School of Safety, Pacific Northwest Association of Investigators, Inc., Puget Sound Security, Inc., Second Amendment Foundation, Joe Waldron, (re: 39 Notice of Appeal,,.) (Fogg, Steven) (Entered: 06/05/2015) |
| 06/05/2015 | 39 | NOTICE OF APPEAL (15−35452) to Ninth Circuit re 37 Order on Motion to Dismiss by Plaintiffs Xee Del Real, Firearms Academy of Seattle, Inc., Alan Gottlieb, Andrew Gottlieb, Gottlieb Family Revocable Living Trust, Gene Hoffman, Darryl Lee, Northwest School of Safety, Pacific Northwest Association of Investigators, Inc., Puget Sound Security, Inc., Second Amendment Foundation, Joe Waldron. Filing Fee $505, Receipt number 0981−4042400. (Fogg, Steven) |

| | | Modified on 6/5/2015 to edit plaintiff name added in error. (RE) Modified on 6/10/2015 to add CCA#. (RE) (Entered: 06/05/2015) |
|---|---|---|
| 05/08/2015 | 38 | JUDGMENT BY COURT. (MGC) (Entered: 05/08/2015) |
| 05/07/2015 | 37 | ORDER granting 23 Motion to Dismiss by Judge Benjamin H. Settle.(TG) (Entered: 05/07/2015) |
| 04/29/2015 | 36 | Stipulated MOTION by Defendants John Batiste, Does I−V, Bob Ferguson, Washington Attorney General's Office. (Attachments: # 1 Agreement Regarding Discovery of Electronically Stored Information and [Proposed Order]) Noting Date 4/29/2015, (Even, Jeffrey) (Entered: 04/29/2015) |
| 04/15/2015 | 35 | JOINT STATUS REPORT signed by all parties estimated Trial Days: 1−2. (Edwards, David) (Entered: 04/15/2015) |
| 03/27/2015 | 34 | ANSWER to 1 Complaint, by Cheryl Stumbo, Everytown for Gun Safety Action Fund for I594, Washington Alliance for Gun Responsibility.(Wong, Gregory) (Entered: 03/27/2015) |
| 03/27/2015 | 33 | NOTICE of Joinder JOINING 23 MOTION to Dismiss , by Intervenor Defendant Cheryl Stumbo, Everytown for Gun Safety Action Fund for I594, Washington Alliance for Gun Responsibility. (Wong, Gregory) (Entered: 03/27/2015) |
| 03/27/2015 | 32 | REPLY, filed by Defendants John Batiste, Bob Ferguson, Washington Attorney General's Office, TO RESPONSE to 23 MOTION to Dismiss (Simpson, R) (Entered: 03/27/2015) |
| 03/23/2015 | 31 | NOTICE of Joinder JOINING 23 MOTION to Dismiss , by Intervenor Defendants Everytown for Gun Safety Action Fund for I594, Cheryl Stumbo, Washington Alliance for Gun Responsibility. (Wong, Gregory) (Entered: 03/23/2015) |
| 03/23/2015 | 30 | RESPONSE, by Plaintiffs Xee Del Real, Firearms Academy of Seattle, Inc., Alan Gottlieb, Andrew Gottlieb, Gottlieb Family Revocable Living Trust, Gene Hoffman, Darryl Lee, Northwest School of Safety, Pacific Northwest Association of Investigators, Inc., Puget Sound Security, Inc., Second Amendment Foundation, Joe Waldron, Intervenor Defendants Everytown for Gun Safety Action Fund for I594, Cheryl Stumbo, Washington Alliance for Gun Responsibility, to 23 MOTION to Dismiss . (Attachments: # 1 Proposed Order)(Edwards, David) (Entered: 03/23/2015) |
| 03/23/2015 | 29 | ORDER by Judge Benjamin H. Settle granting 14 Motion to Intervene.(TG) (Entered: 03/23/2015) |
| 03/13/2015 | 28 | REPLY, filed by Intervenor Defendants Everytown for Gun Safety Action Fund for I594, Cheryl Stumbo, Washington Alliance for Gun Responsibility, TO RESPONSE to 14 MOTION to Intervene Attorney Gregory J Wong added to party Cheryl Stumbo(pty:intvd), Attorney Gregory J Wong added to party Washington Alliance for Gun Responsibility(pty:intvd), Attorney Gregory J Wong added to party Everytown for Gun Safety (Wong, Gregory) (Entered: 03/13/2015) |
| 03/10/2015 | 27 | NOTICE of Appearance by attorney Paul J Lawrence on behalf of Intervenor Defendants Everytown for Gun Safety Action Fund for I594, Cheryl Stumbo, Washington Alliance for Gun Responsibility. (Lawrence, Paul) (Entered: 03/10/2015) |
| 03/09/2015 | 26 | DECLARATION of Steven W. Fogg filed by Plaintiffs Xee Del Real, Firearms Academy of Seattle, Inc., Alan Gottlieb, Andrew Gottlieb, Gottlieb Family Revocable Living Trust, Gene Hoffman, Darryl Lee, Northwest School of Safety, Pacific Northwest Association of Investigators, Inc., Puget Sound Security, Inc., Second Amendment Foundation, Joe Waldron re 14 MOTION to Intervene Attorney Gregory J Wong added to party Cheryl Stumbo(pty:intvd), Attorney Gregory J Wong added to party Washington Alliance for Gun Responsibility(pty:intvd), Attorney Gregory J Wong added to party Everytown for Gun Safety (Attachments: # 1 Exhibit Exhibits A−B)(Fogg, Steven) (Entered: 03/09/2015) |

| 03/09/2015 | 25 | RESPONSE, by Plaintiffs Xee Del Real, Firearms Academy of Seattle, Inc., Alan Gottlieb, Andrew Gottlieb, Gottlieb Family Revocable Living Trust, Gene Hoffman, Darryl Lee, Northwest School of Safety, Pacific Northwest Association of Investigators, Inc., Puget Sound Security, Inc., Second Amendment Foundation, Joe Waldron, to 14 MOTION to Intervene Attorney Gregory J Wong added to party Cheryl Stumbo(pty:intvd), Attorney Gregory J Wong added to party Washington Alliance for Gun Responsibility(pty:intvd), Attorney Gregory J Wong added to party Everytown for Gun Safety. (Attachments: # 1 Proposed Order)(Fogg, Steven) (Entered: 03/09/2015) |
|---|---|---|
| 03/05/2015 | 24 | PROPOSED ORDER (Unsigned) re 23 MOTION to Dismiss (Simpson, R) (Entered: 03/05/2015) |
| 03/05/2015 | 23 | MOTION to Dismiss by Defendants John Batiste, Bob Ferguson, Washington Attorney General's Office. Noting Date 3/27/2015, (Simpson, R) (Entered: 03/05/2015) |
| 02/24/2015 | 22 | NOTICE of Appearance by attorney Sarah S Washburn on behalf of Intervenor Defendants Everytown for Gun Safety Action Fund for I594, Cheryl Stumbo, Washington Alliance for Gun Responsibility. (Washburn, Sarah) (Entered: 02/24/2015) |
| 02/23/2015 | 21 | CORPORATE DISCLOSURE STATEMENT Filed pursuant to Fed.R.Civ.P 7.1. Filed by Everytown for Gun Safety Action Fund for I594 (Wong, Gregory) (Entered: 02/23/2015) |
| 02/23/2015 | 20 | CORPORATE DISCLOSURE STATEMENT Filed pursuant to Fed.R.Civ.P 7.1. Filed by Washington Alliance for Gun Responsibility (Wong, Gregory) (Entered: 02/23/2015) |
| 02/23/2015 | 19 | ANSWER to 1 Complaint, by Everytown for Gun Safety Action Fund for I594, Cheryl Stumbo, Washington Alliance for Gun Responsibility.(Wong, Gregory) (Entered: 02/23/2015) |
| 02/23/2015 | 18 | PROPOSED ORDER (Unsigned) re 14 MOTION to Intervene Attorney Gregory J Wong added to party Cheryl Stumbo(pty:intvd), Attorney Gregory J Wong added to party Washington Alliance for Gun Responsibility(pty:intvd), Attorney Gregory J Wong added to party Everytown for Gun Safety (Wong, Gregory) (Entered: 02/23/2015) |
| 02/23/2015 | 17 | DECLARATION of Tara Paone filed by Intervenor Defendants Everytown for Gun Safety Action Fund for I594, Cheryl Stumbo, Washington Alliance for Gun Responsibility re 14 MOTION to Intervene Attorney Gregory J Wong added to party Cheryl Stumbo(pty:intvd), Attorney Gregory J Wong added to party Washington Alliance for Gun Responsibility(pty:intvd), Attorney Gregory J Wong added to party Everytown for Gun Safety (Wong, Gregory) (Entered: 02/23/2015) |
| 02/23/2015 | 16 | DECLARATION of Zach Silk filed by Intervenor Defendants Everytown for Gun Safety Action Fund for I594, Cheryl Stumbo, Washington Alliance for Gun Responsibility re 14 MOTION to Intervene Attorney Gregory J Wong added to party Cheryl Stumbo(pty:intvd), Attorney Gregory J Wong added to party Washington Alliance for Gun Responsibility(pty:intvd), Attorney Gregory J Wong added to party Everytown for Gun Safety (Wong, Gregory) (Entered: 02/23/2015) |
| 02/23/2015 | 15 | DECLARATION of Cheryl Stumbo filed by Intervenor Defendants Everytown for Gun Safety Action Fund for I594, Cheryl Stumbo, Washington Alliance for Gun Responsibility re 14 MOTION to Intervene Attorney Gregory J Wong added to party Cheryl Stumbo(pty:intvd), Attorney Gregory J Wong added to party Washington Alliance for Gun Responsibility(pty:intvd), Attorney Gregory J Wong added to party Everytown for Gun Safety (Wong, Gregory) (Entered: 02/23/2015) |
| 02/23/2015 | 14 | MOTION to Intervene Attorney Gregory J Wong added to party Cheryl Stumbo(pty:intvd), Attorney Gregory J Wong added to party Washington Alliance for Gun Responsibility(pty:intvd), Attorney Gregory J Wong added to party Everytown for Gun Safety Action Fund for I594(pty:intvd)by Intervenor Defendants Cheryl Stumbo, Washington Alliance for Gun Responsibility, Everytown for Gun Safety Action Fund for I594. Noting Date 3/13/2015, (Wong, Gregory) (Entered: 02/23/2015) |

| 01/27/2015 | 13 | AFFIDAVIT of Service of Summons and Complaint on John Batiste, WSP Chief on 1/7/2015, filed by Plaintiffs Xee Del Real, Firearms Academy of Seattle, Inc., Alan Gottlieb, Andrew Gottlieb, Gottlieb Family Revocable Living Trust, Gene Hoffman, Darryl Lee, Northwest School of Safety, Pacific Northwest Association of Investigators, Inc., Puget Sound Security, Inc., Second Amendment Foundation, Joe Waldron. (Edwards, David) (Entered: 01/27/2015) |
|---|---|---|
| 01/27/2015 | 12 | AFFIDAVIT of Service of Summons and Complaint on Washington AG Office on 1/7/2015, filed by Plaintiffs Xee Del Real, Firearms Academy of Seattle, Inc., Alan Gottlieb, Andrew Gottlieb, Gottlieb Family Revocable Living Trust, Gene Hoffman, Darryl Lee, Northwest School of Safety, Pacific Northwest Association of Investigators, Inc., Puget Sound Security, Inc., Second Amendment Foundation, Joe Waldron. (Edwards, David) (Entered: 01/27/2015) |
| 01/27/2015 | 11 | AFFIDAVIT of Service of Summons and Complaint on Bob Ferguson, AG on 1/7/2015, filed by Plaintiffs Xee Del Real, Firearms Academy of Seattle, Inc., Alan Gottlieb, Andrew Gottlieb, Gottlieb Family Revocable Living Trust, Gene Hoffman, Darryl Lee, Northwest School of Safety, Pacific Northwest Association of Investigators, Inc., Puget Sound Security, Inc., Second Amendment Foundation, Joe Waldron. (Edwards, David) (Entered: 01/27/2015) |
| 01/27/2015 | 10 | ANSWER to 1 Complaint, by John Batiste, Bob Ferguson, Washington Attorney General's Office.(Simpson, R) (Entered: 01/27/2015) |
| 01/22/2015 | 9 | NOTICE of Appearance by attorney R July Simpson on behalf of Defendants John Batiste, Bob Ferguson, Washington Attorney General's Office. (Simpson, R) (Entered: 01/22/2015) |
| 01/16/2015 | 8 | NOTICE of Appearance by attorney Rebecca Ripoli Glasgow on behalf of Defendants John Batiste, Bob Ferguson, Washington Attorney General's Office. (Glasgow, Rebecca) (Entered: 01/16/2015) |
| 01/16/2015 | 7 | NOTICE of Appearance by attorney Noah Guzzo Purcell on behalf of Defendants John Batiste, Bob Ferguson, Washington Attorney General's Office. (Purcell, Noah) (Entered: 01/16/2015) |
| 01/16/2015 | 6 | NOTICE of Appearance by attorney Jeffrey T Even on behalf of Defendants John Batiste, Bob Ferguson, Washington Attorney General's Office. (Even, Jeffrey) (Entered: 01/16/2015) |
| 01/05/2015 | 5 | ORDER REGARDING INITIAL DISCLOSURES AND JOINT STATUS REPORT Joint Status Report due by 5/5/2015, FRCP 26f Conference Deadline is 4/14/2015, Initial Disclosure Deadline is 4/28/2015, by Judge Benjamin H. Settle. (TG) (Entered: 01/05/2015) |
| 01/05/2015 | 4 | MINUTE ORDER REGARDING DISCOVERY AND DEPOSITIONS by Judge Benjamin H. Settle. (TG) (Entered: 01/05/2015) |
| 12/30/2014 | 3 | Summons Issued as to defendants John Batiste, Bob Ferguson, Washington Attorney General's Office. (Summons for Bob Ferguson attached as main document) (Attachments: # 1 summons for Washington State Attorney General's office, # 2 Summons for John Batiste)(CMG) (Entered: 12/30/2014) |
| 12/30/2014 | | **NOTICE to Filer**−*PARTIES MISSING ON THE DOCKET:* In the future please enter ALL parties on the docket as they are listed on the Complaint, including ALL party text. The missing parties have now been entered on the docket. Thank you.<br><br>*SIGNATURE IMPROPER:* The Complaint was improperly signed by DAVID B. EDWARDS and MIKOLAJ T. TEMPSKI. Pursuant to FRCP Rule 11 and LCR 5(d), signatures must comply with Section III(L) of the Electronic Filing Procedures, which states, "An electronically filed pleading or other document which requires an attorney's signature must have the signer's name(s) printed or typed on the line and under all signature lines." You do not have to re−file this document, but please be sure all future documents are properly signed. Thank you. (CMG) (Entered: 12/30/2014) |
| 12/30/2014 | | Judge Benjamin H. Settle added. (CMG) (Entered: 12/30/2014) |

| 12/30/2014 | 2 | CORPORATE DISCLOSURE STATEMENT Filed pursuant to Fed.R.Civ.P 7.1. Filed by Xee Del Real, Firearms Academy of Seattle, Inc., Alan Gottlieb, Andrew Gottlieb, Gottlieb Family Revocable Living Trust, Gene Hoffman, Darryl Lee, Northwest School of Safety, Pacific Northwest Association of Investigators, Inc., Puget Sound Security, Inc., Second Amendment Foundation, Joe Waldron (Fogg, Steven) (Entered: 12/30/2014) |
|---|---|---|
| 12/30/2014 | 1 | COMPLAINT against All Defendants (Receipt # 0981−3858690), filed by Andrew Gottlieb, Alan Gottlieb, Pacific Northwest Association of Investigators, Inc., Gene Hoffman, Northwest School of Safety, Puget Sound Security, Inc., Second Amendment Foundation, Joe Waldron, Xee Del Real, Firearms Academy of Seattle, Inc., Darryl Lee, Gottlieb Family Revocable Living Trust. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Summons, # 4 Summons)(Fogg, Steven) Modified on 12/30/2014 (CMG). (Entered: 12/30/2014) |

| 9th Circuit Case Number(s) | 15-35452 |
|---|---|

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

*************************************************************************

## CERTIFICATE OF SERVICE

### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) | Sep 14, 2015 | .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | Steven W. Fogg |

*************************************************************************

## CERTIFICATE OF SERVICE

### When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) | | .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format) | |