NO.15-35452

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

NORTHWEST SCHOOL OF SAFETY, et al.,

Plaintiffs/Appellants,

v.

BOB FERGUSON, Attorney General of Washington, et al.,

Defendants/Appellees.

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

No. 3:14-cv-6026 BHS
The Honorable Benjamin H. Settle, United States District Court Judge

## SUPPLEMENTAL EXCERPTS OF RECORD

ROBERT W. FERGUSON
  *Attorney General*

NOAH G. PURCELL, WSBA #43492
  *Solicitor General*

R. JULY SIMPSON, WSBA #45869
  *Assistant Attorney General*

JEFFREY T. EVEN, WSBA #20367
REBECCA R. GLASGOW, WSBA #32886
  *Deputy Solicitors General*

PO Box 40100
Olympia, WA 98504-0100
360-753-6200

# TABLE OF CONTENTS

## VOLUME I OF I – PAGES 1 TO 48

| DOCKET ENTRY | DESCRIPTION | PAGES |
|:---:|:---|:---:|
| 35 | Joint Status Report | SER001 |
| 34 | Intervenor-Defendants' Answer To Compliant | SER009 |
| 19 | [Proposed] Intervenor-Defendants' Answer To Complaint | SER024 |
| 10 | Answer To Complaint | SER039 |

THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NORTHWEST SCHOOL OF SAFETY, a Washington sole proprietorship, PUGET SOUND SECURITY, INC., a Washington corporation, PACIFIC NORTHWEST ASSOCIATION OF INVESTIGATORS, INC., a Washington corporation, FIREARMS ACADEMY OF SEATTLE, INC., a Washington corporation, DARRYL LEE, XEE DEL REAL, JOE WALDRON, GENE HOFFMAN, ANDREW GOTTLIEB, ALAN GOTTLIEB, GOTTLIEB FAMILY REVOCABLE LIVING TRUST, a Washington trust, and SECOND AMENDMENT FOUNDATION, a non-profit organization,<br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>BOB FERGUSON, Attorney General of Washington (in his official capacity), WASHINGTON ATTORNEY GENERAL'S OFFICE, and JOHN R. BATISTE, Chief of the Washington State Patrol (in his official capacity), and DOES I-V,<br>　　　　　　Defendants,<br><br>and<br><br>CHERYL STUMBO, WASHINGTON ALLIANCE FOR GUN RESPOSIBILITY AND EVERYTOWN FOR GUN SAFETY ACTION FUND FOR I-594,<br>　　　　　　Intervenor-Defendants. | Case No. 3:14-cv-06026 BHS<br><br>**JOINT STATUS REPORT** |

JOINT STATUS REPORT - 1
Case No. 3:14-cv-6026 BHS

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Pursuant to the Court's Order dated January 5, 2015, the parties hereby submit this combined Joint Status Report and Discovery Plan.

**I.     Brief Statement of the Nature and Complexity of the Case**

This case involves a constitutional challenge to a Washington state law under 42 U.S.C. § 1983 and the Second and Fourteenth Amendments to the Federal Constitution.  The case is predominated by legal issues and should not present a complex case.

**II.    Proposed Deadline for Joining Additional Parties**

The parties propose June 1, 2015 as a deadline for joining additional parties.

**III.   Consent to Magistrate Judge**

The parties do not consent to the use of a full-time magistrate judge to conduct all proceedings, up to, and including entry of judgment.

**IV.    Discovery Plan**

**a.     Initial Disclosures**

The parties anticipate exchanging initial disclosures pursuant to Rule 26(a)(1) on or before April 28, 2015.

**b.     Subjects, Timing, and Potential Phasing of Discovery**

The parties anticipate that discovery will be conducted on Defendants' enforcement actions and interpretations of I-594.  Plaintiffs further anticipate that discovery will be taken as to the drafting of the initiative.  The State Defendants and Intervener-Defendants do not agree that discovery of the drafting of the initiative is appropriate.  The parties do not anticipate the need to phase discovery.

**c.     Electronically Stored Information**

The parties anticipate that discovery will be taken on electronically stored information ("ESI").

JOINT STATUS REPORT - 2
Case No. 3:14-cv-6026 BHS

**CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE** LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**d.      Privilege Issues**

The parties anticipate that discovery will be requested on documents that are protected by the attorney/client or work product privilege and anticipate exchanging privilege logs.

**e.      Proposed Limitations on Discovery**

At this time, the parties do not anticipate the need for limitations on discovery.

**f.      The Need (if any) for Discovery Related Orders**

The parties do not anticipate the need for a protective order.

**V.   Parties' Views on all Items in Rule 26(f)(1)**

**a.      Prompt Case Resolution**

Counsel for the parties have discussed settlement and have determined that the case is not amenable to settlement at this time.

**b.      ADR**

The parties do not anticipate they will be able to engage in ADR given the constitutional nature of the claims.

**c.      Related Cases**

The parties are not aware of any related cases.

**d.      Discovery Management**

The parties anticipate the ability to manage discovery on their own and do not at this time anticipate the need for formal discovery management.  The discovery in this case is anticipated to be minimal.

**e.      Anticipated Discovery Sought**

The parties plan on taking discovery related to the enforcement and interpretation of I-594.

JOINT STATUS REPORT - 3
Case No. 3:14-cv-6026 BHS

**CORR CRONIN MICHELSON BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**f.      Phasing Motions**

The parties anticipate that, if the currently pending motion to dismiss is denied, the State Defendants will bring a motion asking this Court to certify questions of interpretation of the underlying state law to the Washington Supreme Court.  Following a response from the state court to the certified questions, one or more motions for summary judgment are likely to resolve the case.

**g.      Preservation of Discoverable Information**

Counsel for the parties have notified the parties regarding their respective duty to preserve discoverable information.

**h.      Privilege Issues**

The parties do not believe that there are any unusual privilege issues.  The parties anticipate stipulating to an ER 502 agreement.

**i.      Model Protocol for Discovery of ESI**

The parties anticipate entering into a discovery protocol based, in part, on the Model Protocol for Discovery of ESI.

**j.      Alternatives to the Model Protocol**

The parties plan to cooperate regarding the discovery of ESI.

**VI.      The Date by Which Discovery Can Be Completed**

The parties believe that discovery may be completed by July 3, 2015.

**VII.      Bifurcation**

The parties do not believe bifurcation of the trial is necessary.

**VIII.      Need for Pre-Trial Statements Called for by LR 16(e), (h), (i), and (k)**

The parties do not agree to dispense with Pre-trial Statements as set forth in the local rules.

JOINT STATUS REPORT - 4
Case No. 3:14-cv-6026 BHS

**CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

SER004

**IX.    Views on Local Rules 39.1 (Individualized Trial) and 39.2 (ADR)**

The parties do not consent to the Individualized Trial Program.

**X.    Suggestions for Shortening or Simplifying Case**

The parties do not have any suggestions for shortening or simplifying the case.

**XI.    Proposed Date Case Will be Ready to Trial**

The parties are currently unable to predict a date by which the case will be ready for trial due to the anticipated motion to certify questions regarding the interpretation of state law to the Washington Supreme Court.  The parties anticipate that the case can likely be resolved on summary judgment.

**XII.    Jury or Non-Jury Trial**

No party has demanded a trial by jury.

**XIII.    Number of Trial Days**

The parties anticipate needing 1-2 days for trial.

**XIV.    Names Addresses, and Phone of all Trial Counsel**

| | |
|---|---|
| Trial counsel for Plaintiffs | Steven Fogg, WSBA No. 23528<br>David B. Edwards, WSBA No. 44680<br>1001 Fourth Avenue, Suite 3900<br>Seattle, Washington 98154-1051<br>(206) 625-8600 |
| Trial counsel for the Defendants | Noah G. Purcell, WSBA No. 43492<br>*Solicitor General*<br>R. July Simpson, WSBA No. 45869<br>*Assistant Attorney General*<br>Jeffrey T. Even, WSBA No. 20367<br>*Deputy Solicitor General*<br>Rebecca R. Glasgow, WSBA No. 32886<br>*Deputy Solicitor General*<br><br>Office of the Attorney General<br>1125 Washington St. SE<br>P.O. Box 40100 |

**CORR CRONIN MICHELSON**
**BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

| | Olympia, WA 98504-0100<br>(360) 753-6200 |
|---|---|
| Trial counsel for the Intervenor-Defendants: | Gregory J. Wong, WSBA No. 39329<br>Paul J. Lawrence, WSBA No. 13557<br>Sarah S. Washburn, WSBA No. 44418<br>Pacifica Law Group, LLP<br>1191 Second Avenue, Suite 2000<br>Seattle Washington 98101-3404<br>(206) 245-1700 |

## XV.   Dates Trial Counsel Have Scheduling Difficulties

Plaintiffs' and the State Defendants' Counsel do not have any other trials currently scheduled in the second half of 2015 that would pose a scheduling problem for a trial of the length anticipated here.  Intervenor-Defendants' Counsel is unavailable the following dates in the second half of 2015: September 18th-21st, September 28th-October 9th, and November 23rd-December 4th.

## XVI.   Status of Service

The defendants have been served.  No other parties are awaiting service.

## XVII.   Request for Scheduling Conference

The parties do not believe a scheduling conference is necessary.

## XVIII.   Corporate Disclosure Statements as Provided by FRCP 7.1 and LCR 7.1

Plaintiffs filed their corporate disclosure statement on December 30, 2014 (ECF No. 2). Intervenor-Defendants filed their corporate disclosure statements on February 23, 2015 (ECF Nos. 20 & 21).

//

//

//

//

JOINT STATUS REPORT - 6
Case No. 3:14-cv-6026 BHS

DATED this 15th day of April, 2015.

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE
LLP

 /s/ David B. Edwards
Steven W. Fogg, WSBA No. 23528
David B. Edwards, WSBA No. 44680
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
Tel: (206) 625-8600
Fax: (206) 625-0900
sfogg@corrcronin.com
dedwards@corrcronin.com

Mikolaj T. Tempski, WSBA No. 42896
Tempski Law Firm, PS
40 Lake Bellevue Dr., Suite 100
Bellevue, WA 98005
miko@tempskilaw.com

*Attorneys for Plaintiffs*

PACIFICA LAW GROUP LLP

 /s/ Gregory J. Wong

Gregory J. Wong, WSBA No. 39329
Paul J. Lawrence, WSBA No. 13557
Sarah S. Washburn, WSBA No. 44418
Pacifica Law Group, LLP
1191 Second Avenue, Suite 2000
Seattle Washington 98101-3404
(206) 245-1700
paul.lawrence@pacificalawgroup.com
greg.wong@pacificalawgroup.com
sarah.washburn@pacificalawgroup.com

*Attorneys for Intervenor-Defendants*

OFFICE OF THE ATTORNEY
GENERAL

*/s/ Jeffrey T. Even*
Noah G. Purcell, WSBA No. 43492
*Solicitor General*
noahp@atg.wa.gov
R. July Simpson, WSBA No. 45869
*Assistant Attorney General*
RJulyS@atg.wa.gov
Jeffrey T. Even, WSBA No. 20367
*Deputy Solicitor General*
jeffe@atg.wa.gov
Rebecca R. Glasgow, WSBA No. 32886
*Deputy Solicitor General*
RebeccaG@atg.wa.gov
Office of the Attorney General
1125 Washington St. SE
P.O. Box 40100
Olympia, WA 98504-0100

*Attorneys for Defendants*

JOINT STATUS REPORT - 7
Case No. 3:14-cv-6026 BHS

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**SER007**

1

<u>**CERTIFICATE OF SERVICE**</u>

2

The undersigned certifies as follows:

3

1.       I am employed at Corr Cronin Michelson Baumgardner Fogg & Moore LLP,

4

attorneys for Plaintiffs herein.

5

2.       On April 15, 2015, I filed the foregoing document through the Court's ECF

6

service which will send notification of filing to the following parties indicated below:

7

Noah G. Purcell, WSBA No. 43492          Paul J. Lawrence

8

*Solicitor General*                                        Gregory J. Wong
noahp@atg.wa.gov                                  Sarah S. Washburn

9

R. July Simpson, WSBA No. 45869          Pacifica Law Group LLP

10

*Assistant Attorney General*                     1191 Second Avenue, Ste 2000
RJulyS@atg.wa.gov                                 Seattle, WA  98101-3404

11

Jeffrey T. Even, WSBA No. 20367            Paul.lawrence@pacificalawgroup.com
*Deputy Solicitor General*                        Greg.wong@pacificalawgroup.com

12

jeffe@atg.wa.gov                                    Sarah.washburn@pacificalawgroup.com
Rebecca R. Glasgow, WSBA No. 32886

13

*Deputy Solicitor General*
RebeccaG@atg.wa.gov

14

Office of the Attorney General
1125 Washington St. SE

15

P.O. Box 40100
Olympia, WA 98504-0100

16

*Attorneys for Defendants*

17

18

I declare under penalty of perjury under the laws of the state of Washington that the

19

foregoing is true and correct.

20

DATED:  April 15, 2015, at Seattle, Washington.

21

22

*/s/ Christy A. Nelson*
Christy A. Nelson

23

24

25

JOINT STATUS REPORT - 8
Case No. 3:14-cv-6026 BHS

**CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NORTHWEST SCHOOL OF SAFETY, a
Washington sole proprietorship, PUGET
SOUND SECURITY, INC., a Washington
corporation, PACIFICA NORTHWEST
ASSOCIATION OF INVESTIGATORS, INC.,
a Washington corporation, FIREARMS
ACADEMY OF SEATTLE, INC., a
Washington corporation, DARRYL LEE, XEE
DEL REAL, JOE WALDRON, GENE
HOFFMAN, ANDREW GOTTLIEB, ALAN
GOTTLIEB, GOTTLIEB FAMILY
REVOCABLE LIVING TRUST, a Washington
trust, and SECOND AMENDMENT
FOUNDATION, a non-profit organization,

Plaintiffs,

v.

BOB FERGUSON, Attorney General of
Washington (in his official capacity),
WASHINGTON ATTORNEY GENERAL'S
OFFICE, and JOHN R. BATISTE, Chief of the
Washington State Patrol (in his official
capacity), and DOES I-V,

Defendants.

No. 3:14-cv-6026 BHS

INTERVENOR-DEFENDANTS'
ANSWER TO COMPLAINT

INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 1
Case No. 3:14-cv-6026 BHS

20085 00004 eb113x07k8.004

**SER009**

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

1   Intervenor-Defendants Cheryl Stumbo, Washington Alliance for Gun Responsibility, and

2   Everytown For Gun Safety Action Fund for I-594 (collectively, "Intervenor-Defendants")

3   answer the Complaint of Northwest School of Safety, Puget Sound Security, Inc., Pacific

4   Northwest Association of Investigators, Inc., Firearms Academy of Seattle, Inc., Darryl Lee, Xee

5   Del Real, Joe Waldron, Gene Hoffman, Andrew Gottlieb, Alan Gottlieb, Gottlieb Family

6   Revocable Living Trust, and Second Amendment Foundation (collectively, "Plaintiffs") as

7   follows:

8

9                                    **INTRODUCTION**

10          1.      The allegations in paragraph 1 attempt to characterize the contents of the

11   Complaint, to which Intervenor-Defendants answer that the document speaks for itself and

12   therefore deny the same.

13          2.      The allegations in paragraph 2 constitute legal conclusions to which no response

14   is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the

15   allegations in paragraph 2.

16          3.      The allegations in the first two sentences of paragraph 3 constitute legal

17   conclusions to which no response is required.  To the extent an answer is deemed required,

18   Intervenor-Defendants deny the allegations in the first two sentences of paragraph 3.  Intervenor-

19   Defendants lack sufficient information upon which to admit or deny the allegations in the third

20   sentence of paragraph 3, which shall have the effect of a denial.

21          4.      The allegation in paragraph 4 constitutes a legal conclusion to which no response

22   is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the

23   allegation in paragraph 4.

24

25

26

INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 2
Case No. 3:14-cv-6026 BHS

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

20085 00004 eb113x07k8.004

**THE PARTIES**

5. Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in paragraph 5, which shall have the effect of a denial.

6. The allegations in the second sentence of paragraph 6 constitute legal conclusions to which no response is required. To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in the second sentence of paragraph 6. Intervenor-Defendants lack sufficient information upon which to admit or deny the remaining allegations in paragraph 6, which shall have the effect of a denial.

7. The allegations in the third and fourth sentences of paragraph 7 constitute legal conclusions to which no response is required. To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in the third and fourth sentences of paragraph 7. Intervenor-Defendants lack sufficient information upon which to admit or deny the remaining allegations in paragraph 7, which shall have the effect of a denial.

8. Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in paragraph 8, which shall have the effect of a denial.

9. Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in paragraph 9, which shall have the effect of a denial.

10. The allegations in the fifth sentence of paragraph 10 contain legal conclusions to which no response is required. To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in the fifth sentence of paragraph 10. Intervenor-Defendants lack sufficient information upon which to admit or deny the remaining allegations in paragraph 10, which shall have the effect of a denial.

INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 3
Case No. 3:14-cv-6026 BHS

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

**SER011**

20085 00004 eb113x07k8.004

11.     The allegations in the fifth and eighth sentences of paragraph 11 contain legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in the fifth and eighth sentences of paragraph 11. Intervenor-Defendants lack sufficient information upon which to admit or deny the remaining allegations in paragraph 11, which shall have the effect of a denial.

12.     The allegations in the fourth sentence of paragraph 12 contain legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in the fourth sentence of paragraph 12.  Intervenor-Defendants lack sufficient information upon which to admit or deny the remaining allegations in paragraph 12, which shall have the effect of a denial.

13.     The allegations in the fourth sentence of paragraph 13 contain legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in the fourth sentence of paragraph 13.  Intervenor-Defendants lack sufficient information upon which to admit or deny the remaining allegations in paragraph 13, which shall have the effect of a denial.

14.     The allegations in the fourth sentence of paragraph 14 contain legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in the fourth sentence of paragraph 14.  Intervenor-Defendants lack sufficient information upon which to admit or deny the remaining allegations in paragraph 14, which shall have the effect of a denial.

15.     Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in paragraph 15, which shall have the effect of a denial.

INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 4
Case No. 3:14-cv-6026 BHS

20085 00004 eb113x07k8.004

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

SER012

16. Intervenor-Defendants admit that Bob Ferguson is the Attorney General of the State of Washington. The remainder of paragraph 16 contains allegations as to which Intervenor-Defendants lack sufficient information upon which to admit or deny, or allegations that constitute legal conclusions to which no response is required, which shall have the effect of a denial.

17. Intervenor-Defendants admit that the Washington Attorney General's Office is an agency of the State of Washington, headed by the Attorney General. The remaining allegations in paragraph 17 constitute legal conclusions to which no response is required. To the extent an answer is deemed required, Intervenor-Defendants deny the remaining allegations in paragraph 17.

18. Intervenor-Defendants admit that John R. Batiste is Chief of the Washington State Patrol. The remainder of paragraph 18 contains allegations as to which Intervenor-Defendants lack sufficient information upon which to admit or deny, or allegations that constitute legal conclusions to which no response is required, which shall have the effect of a denial.

19. Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in the first two sentences of paragraph 19, which shall have the effect of a denial. Intervenor-Defendants deny the third sentence of paragraph 19, as the Federal Rules of Civil Procedure govern the amendment of pleadings.

20. Paragraph 20 requires no response. Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in the footnote to paragraph 20, which shall have the effect of a denial.

INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 5
Case No. 3:14-cv-6026 BHS

20085 00004 eb113x07k8.004

**SER013**

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

1

2

**JURISDICTION AND VENUE**

21.    The allegation in paragraph 21 constitutes a legal conclusion, to which no

3

4
response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny

the allegation in paragraph 21.

5

6
22.    The allegation in paragraph 22 constitutes a legal conclusion, to which no

7
response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny

8
the allegations in paragraph 22.

9

10
23.    The allegation in paragraph 23 constitutes a legal conclusion, to which no

response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny

11
the allegation in paragraph 23.

12

13
**STATEMENT OF FACTS**

**I-594**

14

15
*Enactment of I-594*

16
24.    Intervenor-Defendants admit that I-594 went into effect on December 4, 2014.  To

17
the extent the allegation in paragraph 24 attempts to characterize the provisions of I-594,

18
Intervenor-Defendants answer that those provisions speak for themselves and therefore deny the

19
same.

20

21
25.    To the extent the allegations in paragraph 25 attempt to characterize the

provisions of I-594, Intervenor-Defendants answer that those provisions speak for themselves

22
and therefore deny the same.  Intervenor-Defendants admit that the language of I-594 contains,

23

24
in part, the language quoted in subsections (a) and (b) of paragraph 25, with the exception that

25

26

INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 6
Case No. 3:14-cv-6026 BHS
20085 00004 eb113x07k8.004

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

**SER014**

the quote in paragraph 25(b) includes a comma between the words "payment" and "including" that is not included in I-594's original language.

*Interpretation and Enforcement of I-594*

26.     Intervenor-Defendants admit that the Washington State Patrol issued a statement regarding I-594.  The remaining allegations in paragraph 26 attempt to characterize the contents of that statement, to which Intervenor-Defendants answer that the statement speaks for itself and therefore deny the same.

27.     Intervenor-Defendants admit that the Washington Department of Fish and Wildlife issued a statement regarding I-594.  The remaining allegations in paragraph 27 attempt to characterize the contents of that statement, to which Intervenor-Defendants answer that the statement speaks for itself and therefore deny the same.

28.     Intervenor-Defendants admit that the Washington Department of Licensing issued a statement regarding I-594.  The remaining allegations in paragraph 28 attempt to characterize the contents of that statement, to which Intervenor-Defendants answer that the statement speaks for itself and therefore deny the same.

29.     Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in paragraph 29, which shall have the effect of a denial.

**<u>Washington's Firearm Licenses</u>**

30.     The allegation in paragraph 30 constitutes a legal conclusion to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegation in paragraph 30.

INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 7
Case No. 3:14-cv-6026 BHS
20085 00004 eb113x07k8.004

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

**SER015**

31.     Intervenor-Defendants lack sufficient information upon which to admit or deny the allegation in paragraph 31 regarding firearm licenses relevant to Plaintiffs, which shall have the effect of a denial.  The remainder of paragraph 31 constitutes a legal conclusion to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegation in paragraph 31.

*CPL*

32.     The allegations in paragraph 32 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 32.  Further, to the extent the allegations in paragraph 32 attempt to characterize the provisions of the RCW, Intervenor-Defendants answer that those provisions speak for themselves and therefore deny the same.

*Washington Armed Private Security Guard and Private Investigator Licenses*

33.     The allegations in paragraph 33 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 33.  To the extent the allegations in paragraph 33 attempt to characterize the provisions of the RCW, Intervenor-Defendants answer that those provisions speak for themselves and therefore deny the same.

34.     The allegations in paragraph 34 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 34.  Further, to the extent the allegations in paragraph 34 attempt to characterize the provisions of the RCW, Intervenor-Defendants answer that those provisions speak for themselves and therefore deny the same.

INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 8
Case No. 3:14-cv-6026 BHS

20085 00004 eb113x07k8.004

**SER016**

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

35.     The allegations in paragraph 35 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 35.  Further, to the extent the allegations in paragraph 35 attempt to characterize the provisions of the RCW, Intervenor-Defendants answer that those provisions speak for themselves and therefore deny the same.

*Federal Law Enforcement Officers' Safety Act*

36.     The allegations in paragraph 36 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 36.  Further, to the extent the allegations in paragraph 36 attempt to characterize the provisions of 18 U.S.C. § 926C and the RCW, Intervenor-Defendants answer that those provisions speak for themselves and therefore deny the same.

## I-594's Infringement on Constitutional Rights

*Second Amendment*

37.     The allegations in paragraph 37 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 37.

38.     The allegations in the first and third sentences of paragraph 38 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in the first and third sentences of paragraph 38.  Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in the second sentence of paragraph 38, which shall have the effect of a denial.

INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 9
Case No. 3:14-cv-6026 BHS

**SER017**

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

39.     The allegations in paragraph 39 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 39.

40.     The allegations in paragraph 40 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 40.

41.     The allegations in the first, second, third, and fifth sentences of paragraph 41 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in the first, second, third, and fifth sentences of paragraph 41.  Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in the fourth sentence of paragraph 41, which shall have the effect of a denial.

42.     The allegations in paragraph 42 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 42.

43.     The allegation in paragraph 43 constitutes a legal conclusion to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegation in paragraph 43.

*Vagueness*

44.     The allegation in paragraph 44 constitutes a legal conclusion to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegation in paragraph 44.

INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 10
Case No. 3:14-cv-6026 BHS
20085 00004 eb113x07k8.004

**SER018**

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

45.     Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in paragraph 45 regarding Plaintiffs' understanding of I-594, which shall have the effect of a denial.  Further, the allegations in paragraph 45 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 45.

46.     Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in paragraph 46 regarding Plaintiffs' understanding of I-594, which shall have the effect of a denial.  Further, the allegations in paragraph 46 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 46.

47.     Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in paragraph 47, which shall have the effect of a denial.

48.     The allegations in paragraph 48 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 48.

## CAUSES OF ACTION

### Count I – Right to Keep and Bear Arms – U.S. Constitution, Amendments II and XIV; WA Constitution, Art. I, Section 24, and 42 U.S.C. § 1943

49.     Intervenor-Defendants incorporate their answers as set forth above.

50.     Intervenor-Defendants admit that the first sentence of paragraph 50 accurately quotes the Second Amendment of the United States Constitution.  To the extent the allegations in sentences two through five of paragraph 50 attempt to characterize the *District of Columbia v. Heller* and *Peruta v. County of San Diego* cases, Intervenor-Defendants answer that those cases

INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 11
Case No. 3:14-cv-6026 BHS

20085 00004 eb113x07k8.004

SER019

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

1  speak for themselves and therefore deny the same.  Further, any characterization of those cases

2  constitutes a legal conclusion to which no response is required.  The allegation in the final

3  sentence of paragraph 50 constitutes a legal conclusion to which no response is required.  To the

4  extent an answer is deemed required, Intervenor-Defendants deny the allegation in the final

5  sentence of paragraph 50.

6
   51.      The allegation in paragraph 51 constitutes a legal conclusion to which no

7  response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny

8  the allegation in paragraph 51.

9
   52.      The allegation in paragraph 52 constitutes a legal conclusion to which no response

10 is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the

11 allegation in paragraph 52.  Intervenor-Defendants deny that the quote from Article I, Section 24

12 of the Washington State Constitution is accurate.

13
   53.      The allegations in paragraph 53 constitute legal conclusions to which no response

14 is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the

15 allegations in paragraph 53.

16
   54.      The allegations in paragraph 54 constitute legal conclusions to which no response

17 is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the

18 allegations in paragraph 54.

19
   55.      The allegations in paragraph 55 constitute legal conclusions to which no

20 response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny

21 the allegations in paragraph 55.

22

23

24

25

26

INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 12
Case No. 3:14-cv-6026 BHS

20085 00004 eb113x07k8.004

SER020

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

1

2

### Count II – Void for Vagueness –
### U.S. Constitution, Amendment XIV and WA Constitution, Art. I, Section 3

3      56.    Intervenor-Defendants incorporate their answers as set forth above.

4      57.    The allegations in paragraph 57 constitute legal conclusions to which no response

5   is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the

6   allegations in paragraph 57.

7      58.    Intervenor-Defendants admit that paragraph 58 accurately quotes Article I,

8   Section 3 of the Washington State Constitution.  The remainder of paragraph 58 constitutes a

9   legal conclusion to which no response is required.  To the extent an answer is deemed required,

10  Intervenor-Defendants deny the allegation in paragraph 58.

11

12     59.    The allegations in paragraph 59 constitute legal conclusions to which no response

13  is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the

14  allegations in paragraph 59.

15     60.    The allegations in paragraph 60 constitute legal conclusions to which no response

16  is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the

17  allegations in paragraph 60.

18

19                           **PRAYER FOR RELIEF**

20      No response is required to Plaintiffs' prayer for relief.  To the extent that a response may

21  be deemed to be required, Intervenor-Defendants deny that Plaintiffs' allegations are proper or

22  that they are entitled to any of the relief they seek.

23      Any allegation set forth in the Complaint not specifically admitted in the Answer is

24  denied.

25

26

INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 13
Case No. 3:14-cv-6026 BHS

20085 00004 eb113x07k8.004

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

**Intervenor-Defendants' Affirmative Defenses**

1.  Plaintiffs fail to state a claim upon which relief can be granted.

2.  Plaintiffs lack standing to bring this action.

3.  Plaintiffs' claims are not ripe for review.

4.  Plaintiffs fail to set forth irreparable harm or any other basis on which to grant injunctive relief.

5.  Intervenor-Defendants reserve the right to assert additional defenses, counterclaims, cross claims, or third-party claims as this matter progresses.

**Intervenor-Defendants' Request for Relief**

Having fully answered Plaintiffs' Complaint and having asserted affirmative defenses, Intervenor-Defendants respectfully request the following relief:

1.  Judgment in favor of Defendants and Intervenor-Defendants dismissing all of Plaintiffs' claims and requests for relief.

2.  Any further relief that this Court deems just and equitable.

DATED this 27th day of March, 2015.

PACIFICA LAW GROUP LLP

By  /s/ Gregory J. Wong
    Paul J. Lawrence, WSBA #13557
    Gregory J. Wong, WSBA # 39329
    Sarah S. Washburn, WSBA # 44418

Attorneys for Intervenor-Defendants Cheryl Stumbo, Washington Alliance for Gun Responsibility, and Everytown for Gun Safety Action Fund for I-594

INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 14
Case No. 3:14-cv-6026 BHS

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

**SER022**

20085 00004 eb113x07k8.004

1

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March, 2015, I electronically filed the foregoing

document with the United States District Court ECF system, which will send notification of such

filing to the following:

David B. Edwards
Steven W. Fogg
Corr Cronin Michelson Baumgardner & Preece
1001 4th Avenue, Suite 3900
Seattle, WA 98154-1051
Email: dedwards@corrcronin.com
Email: sfogg@corrcronin.com

*Attorneys for Plaintiffs*

Jeffrey T. Evan
Noah Purcell
R. July Simpson
Rebecca Ripoli Glasgow
Solicitor General
Washington State Attorney General's Office
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
Email: noahp@atg.wa.gov
Email: jeffe@atg.wa.gov
Email: RJulyS@atg.wa.gov
Email: RebeccaG@atg.wa.gov

*Attorneys for Defendants*

Mikolaj T. Tempski
Tempski Law Firm PS
40 Lake Bellevue, Suite 100
Bellevue, WA 98005
Email: Miko@TempskiLaw.com

*Attorneys for Plaintiffs*

Signed at Seattle, Washington this 27th day of March, 2015.

Katie Dillon

INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 15
Case No. 3:14-cv-6026 BHS

20085 00004 eb113x07k8.004

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

1

2                                                          Honorable Benjamin H. Settle

3

4

5

6

7                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
8                                      AT TACOMA

9

NORTHWEST SCHOOL OF SAFETY, a
10   Washington sole proprietorship, PUGET            No. 3:14-cv-6026 BHS
     SOUND SECURITY, INC., a Washington
11   corporation, PACIFICA NORTHWEST               [PROPOSED] INTERVENOR-
     ASSOCIATION OF INVESTIGATORS, INC.,           DEFENDANTS' ANSWER TO
12   a Washington corporation, FIREARMS            COMPLAINT
     ACADEMY OF SEATTLE, INC., a
13   Washington corporation, DARRYL LEE, XEE
     DEL REAL, JOE WALDRON, GENE
14   HOFFMAN, ANDREW GOTTLIEB, ALAN
     GOTTLIEB, GOTTLIEB FAMILY
15   REVOCABLE LIVING TRUST, a Washington
     trust, and SECOND AMENDMENT
16   FOUNDATION, a non-profit organization,

17
                                     Plaintiffs,
18
          v.
19
     BOB FERGUSON, Attorney General of
20   Washington (in his official capacity),
     WASHINGTON ATTORNEY GENERAL'S
21   OFFICE, and JOHN R. BATISTE, Chief of the
     Washington State Patrol (in his official
22   capacity), and DOES I-V,

23
                                    Defendants.
24

25

26

[PROPOSED] INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 1
Case No. 3:14-cv-6026 BHS

20085 00004 eb113x07k8.003

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

Intervenor-Defendants Cheryl Stumbo, Washington Alliance for Gun Responsibility, and Everytown For Gun Safety Action Fund for I-594 (collectively, "Intervenor-Defendants") answer the Complaint of Northwest School of Safety, Puget Sound Security, Inc., Pacific Northwest Association of Investigators, Inc., Firearms Academy of Seattle, Inc., Darryl Lee, Xee Del Real, Joe Waldron, Gene Hoffman, Andrew Gottlieb, Alan Gottlieb, Gottlieb Family Revocable Living Trust, and Second Amendment Foundation (collectively, "Plaintiffs") as follows:

## INTRODUCTION

1.      The allegations in paragraph 1 attempt to characterize the contents of the Complaint, to which Intervenor-Defendants answer that the document speaks for itself and therefore deny the same.

2.      The allegations in paragraph 2 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 2.

3.      The allegations in the first two sentences of paragraph 3 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in the first two sentences of paragraph 3.  Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in the third sentence of paragraph 3, which shall have the effect of a denial.

4.      The allegation in paragraph 4 constitutes a legal conclusion to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegation in paragraph 4.

[PROPOSED] INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 2
Case No. 3:14-cv-6026 BHS
20085 00004 eb113x07k8.003

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

SER025

**THE PARTIES**

5.      Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in paragraph 5, which shall have the effect of a denial.

6.      The allegations in the second sentence of paragraph 6 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in the second sentence of paragraph 6.  Intervenor-Defendants lack sufficient information upon which to admit or deny the remaining allegations in paragraph 6, which shall have the effect of a denial.

7.      The allegations in the third and fourth sentences of paragraph 7 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in the third and fourth sentences of paragraph 7. Intervenor-Defendants lack sufficient information upon which to admit or deny the remaining allegations in paragraph 7, which shall have the effect of a denial.

8.      Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in paragraph 8, which shall have the effect of a denial.

9.      Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in paragraph 9, which shall have the effect of a denial.

10.     The allegations in the fifth sentence of paragraph 10 contain legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in the fifth sentence of paragraph 10.  Intervenor-Defendants lack sufficient information upon which to admit or deny the remaining allegations in paragraph 10, which shall have the effect of a denial.

[PROPOSED] INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 3
Case No. 3:14-cv-6026 BHS
20085 00004 eb113x07k8.003

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

**SER026**

11.     The allegations in the fifth and eighth sentences of paragraph 11 contain legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in the fifth and eighth sentences of paragraph 11. Intervenor-Defendants lack sufficient information upon which to admit or deny the remaining allegations in paragraph 11, which shall have the effect of a denial.

12.     The allegations in the fourth sentence of paragraph 12 contain legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in the fourth sentence of paragraph 12.  Intervenor-Defendants lack sufficient information upon which to admit or deny the remaining allegations in paragraph 12, which shall have the effect of a denial.

13.     The allegations in the fourth sentence of paragraph 13 contain legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in the fourth sentence of paragraph 13.  Intervenor-Defendants lack sufficient information upon which to admit or deny the remaining allegations in paragraph 13, which shall have the effect of a denial.

14.     The allegations in the fourth sentence of paragraph 14 contain legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in the fourth sentence of paragraph 14.  Intervenor-Defendants lack sufficient information upon which to admit or deny the remaining allegations in paragraph 14, which shall have the effect of a denial.

15.     Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in paragraph 15, which shall have the effect of a denial.

[PROPOSED] INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 4
Case No. 3:14-cv-6026 BHS
20085 00004 eb113x07k8.003

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

SER027

16.     Intervenor-Defendants admit that Bob Ferguson is the Attorney General of the State of Washington.  The remainder of paragraph 16 contains allegations as to which Intervenor-Defendants lack sufficient information upon which to admit or deny, or allegations that constitute legal conclusions to which no response is required, which shall have the effect of a denial.

17.     Intervenor-Defendants admit that the Washington Attorney General's Office is an agency of the State of Washington, headed by the Attorney General.  The remaining allegations in paragraph 17 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the remaining allegations in paragraph 17.

18.     Intervenor-Defendants admit that John R. Batiste is Chief of the Washington State Patrol.  The remainder of paragraph 18 contains allegations as to which Intervenor-Defendants lack sufficient information upon which to admit or deny, or allegations that constitute legal conclusions to which no response is required, which shall have the effect of a denial.

19.     Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in the first two sentences of paragraph 19, which shall have the effect of a denial. Intervenor-Defendants deny the third sentence of paragraph 19, as the Federal Rules of Civil Procedure govern the amendment of pleadings.

20.     Paragraph 20 requires no response.  Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in the footnote to paragraph 20, which shall have the effect of a denial.

[PROPOSED] INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 5
Case No. 3:14-cv-6026 BHS
20085 00004 eb113x07k8.003

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

**SER028**

## JURISDICTION AND VENUE

21.     The allegation in paragraph 21 constitutes a legal conclusion, to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegation in paragraph 21.

22.     The allegation in paragraph 22 constitutes a legal conclusion, to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 22.

23.     The allegation in paragraph 23 constitutes a legal conclusion, to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegation in paragraph 23.

## STATEMENT OF FACTS

### I-594

*Enactment of I-594*

24.     Intervenor-Defendants admit that I-594 went into effect on December 4, 2014.  To the extent the allegation in paragraph 24 attempts to characterize the provisions of I-594, Intervenor-Defendants answer that those provisions speak for themselves and therefore deny the same.

25.     To the extent the allegations in paragraph 25 attempt to characterize the provisions of I-594, Intervenor-Defendants answer that those provisions speak for themselves and therefore deny the same.  Intervenor-Defendants admit that the language of I-594 contains, in part, the language quoted in subsections (a) and (b) of paragraph 25, with the exception that

[PROPOSED] INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 6
Case No. 3:14-cv-6026 BHS

20085 00004 eb113x07k8.003

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

**SER029**

the quote in paragraph 25(b) includes a comma between the words "payment" and "including" that is not included in I-594's original language.

*Interpretation and Enforcement of I-594*

26.     Intervenor-Defendants admit that the Washington State Patrol issued a statement regarding I-594.  The remaining allegations in paragraph 26 attempt to characterize the contents of that statement, to which Intervenor-Defendants answer that the statement speaks for itself and therefore deny the same.

27.     Intervenor-Defendants admit that the Washington Department of Fish and Wildlife issued a statement regarding I-594.  The remaining allegations in paragraph 27 attempt to characterize the contents of that statement, to which Intervenor-Defendants answer that the statement speaks for itself and therefore deny the same.

28.     Intervenor-Defendants admit that the Washington Department of Licensing issued a statement regarding I-594.  The remaining allegations in paragraph 28 attempt to characterize the contents of that statement, to which Intervenor-Defendants answer that the statement speaks for itself and therefore deny the same.

29.     Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in paragraph 29, which shall have the effect of a denial.

**Washington's Firearm Licenses**

30.     The allegation in paragraph 30 constitutes a legal conclusion to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegation in paragraph 30.

[PROPOSED] INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 7
Case No. 3:14-cv-6026 BHS

20085 00004 eb113x07k8.003

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

**SER030**

31.     Intervenor-Defendants lack sufficient information upon which to admit or deny the allegation in paragraph 31 regarding firearm licenses relevant to Plaintiffs, which shall have the effect of a denial.  The remainder of paragraph 31 constitutes a legal conclusion to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegation in paragraph 31.

*CPL*

32.     The allegations in paragraph 32 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 32.  Further, to the extent the allegations in paragraph 32 attempt to characterize the provisions of the RCW, Intervenor-Defendants answer that those provisions speak for themselves and therefore deny the same.

*Washington Armed Private Security Guard and Private Investigator Licenses*

33.     The allegations in paragraph 33 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 33.  To the extent the allegations in paragraph 33 attempt to characterize the provisions of the RCW, Intervenor-Defendants answer that those provisions speak for themselves and therefore deny the same.

34.     The allegations in paragraph 34 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 34.  Further, to the extent the allegations in paragraph 34 attempt to characterize the provisions of the RCW, Intervenor-Defendants answer that those provisions speak for themselves and therefore deny the same.

[PROPOSED] INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 8
Case No. 3:14-cv-6026 BHS

20085 00004 eb113x07k8.003

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

**SER031**

35.     The allegations in paragraph 35 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 35.  Further, to the extent the allegations in paragraph 35 attempt to characterize the provisions of the RCW, Intervenor-Defendants answer that those provisions speak for themselves and therefore deny the same.

*Federal Law Enforcement Officers' Safety Act*

36.     The allegations in paragraph 36 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 36.  Further, to the extent the allegations in paragraph 36 attempt to characterize the provisions of 18 U.S.C. § 926C and the RCW, Intervenor-Defendants answer that those provisions speak for themselves and therefore deny the same.

**I-594's Infringement on Constitutional Rights**

*Second Amendment*

37.     The allegations in paragraph 37 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 37.

38.     The allegations in the first and third sentences of paragraph 38 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in the first and third sentences of paragraph 38.  Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in the second sentence of paragraph 38, which shall have the effect of a denial.

[PROPOSED] INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 9
Case No. 3:14-cv-6026 BHS
20085 00004 eb113x07k8.003

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

39.     The allegations in paragraph 39 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 39.

40.     The allegations in paragraph 40 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 40.

41.     The allegations in the first, second, third, and fifth sentences of paragraph 41 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in the first, second, third, and fifth sentences of paragraph 41.  Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in the fourth sentence of paragraph 41, which shall have the effect of a denial.

42.     The allegations in paragraph 42 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 42.

43.     The allegation in paragraph 43 constitutes a legal conclusion to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegation in paragraph 43.

*Vagueness*

44.     The allegation in paragraph 44 constitutes a legal conclusion to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegation in paragraph 44.

[PROPOSED] INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 10
Case No. 3:14-cv-6026 BHS

20085 00004 eb113x07k8.003

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

SER033

45.     Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in paragraph 45 regarding Plaintiffs' understanding of I-594, which shall have the effect of a denial.  Further, the allegations in paragraph 45 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 45.

46.     Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in paragraph 46 regarding Plaintiffs' understanding of I-594, which shall have the effect of a denial.  Further, the allegations in paragraph 46 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 46.

47.     Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in paragraph 47, which shall have the effect of a denial.

48.     The allegations in paragraph 48 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 48.

## CAUSES OF ACTION

### Count I – Right to Keep and Bear Arms – U.S. Constitution, Amendments II and XIV; WA Constitution, Art. I, Section 24, and 42 U.S.C. § 1943

49.     Intervenor-Defendants incorporate their answers as set forth above.

50.     Intervenor-Defendants admit that the first sentence of paragraph 50 accurately quotes the Second Amendment of the United States Constitution.  To the extent the allegations in sentences two through five of paragraph 50 attempt to characterize the *District of Columbia v. Heller* and *Peruta v. County of San Diego* cases, Intervenor-Defendants answer that those cases

[PROPOSED] INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 11
Case No. 3:14-cv-6026 BHS
20085 00004 eb113x07k8.003

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

**SER034**

speak for themselves and therefore deny the same.  Further, any characterization of those cases constitutes a legal conclusion to which no response is required.  The allegation in the final sentence of paragraph 50 constitutes a legal conclusion to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegation in the final sentence of paragraph 50.

51.     The allegation in paragraph 51 constitutes a legal conclusion to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegation in paragraph 51.

52.     The allegation in paragraph 52 constitutes a legal conclusion to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegation in paragraph 52.  Intervenor-Defendants deny that the quote from Article I, Section 24 of the Washington State Constitution is accurate.

53.     The allegations in paragraph 53 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 53.

54.     The allegations in paragraph 54 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 54.

55.     The allegations in paragraph 55 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 55.

### Count II – Void for Vagueness –
### U.S. Constitution, Amendment XIV and WA Constitution, Art. I, Section 3

[PROPOSED] INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 12
Case No. 3:14-cv-6026 BHS

20085 00004 eb113x07k8.003

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

56.    Intervenor-Defendants incorporate their answers as set forth above.

57.    The allegations in paragraph 57 constitute legal conclusions to which no response is required. To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 57.

58.    Intervenor-Defendants admit that paragraph 58 accurately quotes Article I, Section 3 of the Washington State Constitution. The remainder of paragraph 58 constitutes a legal conclusion to which no response is required. To the extent an answer is deemed required, Intervenor-Defendants deny the allegation in paragraph 58.

59.    The allegations in paragraph 59 constitute legal conclusions to which no response is required. To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 59.

60.    The allegations in paragraph 60 constitute legal conclusions to which no response is required. To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 60.

## PRAYER FOR RELIEF

No response is required to Plaintiffs' prayer for relief. To the extent that a response may be deemed to be required, Intervenor-Defendants deny that Plaintiffs' allegations are proper or that they are entitled to any of the relief they seek.

Any allegation set forth in the Complaint not specifically admitted in the Answer is denied.

### Intervenor-Defendants' Affirmative Defenses

1.    Plaintiffs fail to state a claim upon which relief can be granted.

[PROPOSED] INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 13
Case No. 3:14-cv-6026 BHS
20085 00004 eb113x07k8.003

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

**SER036**

1      2.      Plaintiffs lack standing to bring this action.

2      3.      Plaintiffs' claims are not ripe for review.

3      4.      Plaintiffs fail to set forth irreparable harm or any other basis on which to grant

4 injunctive relief.

5      5.      Intervenor-Defendants reserve the right to assert additional defenses,

6 counterclaims, cross claims, or third-party claims as this matter progresses.

7

8               **Intervenor-Defendants' Request for Relief**

9      Having fully answered Plaintiffs' Complaint and having asserted affirmative defenses,

10 Intervenor-Defendants respectfully request the following relief:

11      1.      Judgment in favor of Defendants and Intervenor-Defendants dismissing all of

12 Plaintiffs' claims and requests for relief.

13      2.      Any further relief that this Court deems just and equitable.

14      DATED this 23rd day of February, 2015.

15

16

17                     PACIFICA LAW GROUP LLP

18                     By  /s/  Gregory J. Wong
                         Paul J. Lawrence, WSBA #13557

19                       Gregory J. Wong, WSBA # 39329
                       Sarah S. Washburn, WSBA # 44418

20

21                     Attorneys for Intervenor-Defendants Cheryl
                     Stumbo, Washington Alliance for Gun

22                     Responsibility, and Everytown for Gun Safety
                     Action Fund for I-594

23

24

25

26

[PROPOSED] INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 14
Case No. 3:14-cv-6026 BHS

20085 00004 eb113x07k8.003

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

**SER037**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of February, 2015, I electronically filed the foregoing document with the United States District Court ECF system, which will send notification of such filing to the following:

David B. Edwards
Steven W. Fogg
Corr Cronin Michelson Baumgardner & Preece
1001 4th Avenue
Suite 3900
Seattle, WA 98154-1051
Phone: 206.625.8600
Email: dedwards@corrcronin.com
Email: sfogg@corrcronin.com

*Attorneys for Plaintiffs*

Mikolaj T. Tempski
Tempski Law Firm PS
40 Lake Bellevue
Suite 100
Bellevue, WA 98005
Phone: 425.998.6203
Email: Miko@TempskiLaw.com

*Attorneys for Plaintiffs*

Jeffrey T. Evan
Noah Purcell
R. July Simpson
Rebecca Ripoli Glasgow
Solicitor General
Washington State Attorney General's Office
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
Phone: 360-753-6200
Email: noahp@atg.wa.gov
Email: jeffe@atg.wa.gov
Email: RJulyS@atg.wa.gov
Email: RebeccaG@atg.wa.gov

*Attorneys for Defendants*

Signed at Seattle, Washington this 23rd day of February, 2015.

Dawn M. Taylor

[PROPOSED] INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 15
Case No. 3:14-cv-6026 BHS
20085 00004 eb113x07k8.003

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1700

SER038

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

NORTHWEST SCHOOL OF SAFETY, a
Washington sole proprietorship, PUGET SOUND
SECURITY, INC., a Washington corporation,
PACIFIC NORTHWEST ASSOCIATION OF
INVESTIGATORS, INC., a Washington
corporation, FIREARMS ACADEMY OF
SEATTLE, INC., a Washington corporation,
DARRYL LEE, XEE DEL REAL, JOE
WALDRON, GENE HOFFMAN, ANDREW
GOTTLIEB, ALAN GOTTLIEB, GOTTLIEB
FAMILY REVOCABLE LIVING TRUST, A
Washington trust, and SECOND AMENDMENT
FOUNDATION, a non-profit organization,

NO. 3:14-cv-6026 BHS

ANSWER TO COMPLAINT

                Plaintiffs,

    v.

BOB FERGUSON, Attorney General of
Washington (in his official capacity),
WASHINGTON ATTORNEY GENERAL'S
OFFICE, and JOHN R. BATISTE, Chief of the
Washington State Patrol (in his official
capacity), and DOES I-V,

                Defendants.

     Defendants answer Plaintiffs' Complaint as follows, referencing its headings and
paragraphs.

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

# I. INTRODUCTION

1.   Defendants admit that the Plaintiffs brought this action to challenge the decision of Washington voters in enacting Initiative 594 ("I-594") to require background checks for certain "transfers" of firearms.

2.   Paragraph 2 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 2 is denied.

3.   Paragraph 3 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 3 is denied.

4.   Paragraph 4 states a legal conclusion as to which no response is required. To the extent an answer is required, Paragraph 4 is denied.

# II. THE PARTIES

5.   Defendants lack sufficient information to admit or deny paragraph 5 and therefore deny paragraph 5.

6.   Defendants lack sufficient information to admit or deny paragraph 6 and therefore deny paragraph 6.

7.   Defendants lack sufficient information to admit or deny paragraph 7 and therefore deny paragraph 7.

8.   Defendants lack sufficient information to admit or deny paragraph 8 and therefore deny paragraph 8.

9.   Defendants lack sufficient information to admit or deny paragraph 9 and therefore deny paragraph 9.

10.  Defendants lack sufficient information to admit or deny paragraph 10 and therefore deny paragraph 10.

11.  Defendants lack sufficient information to admit or deny paragraph 11 and therefore deny paragraph 11.

ANSWER TO COMPLAINT                      2                      ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

SER040

1    12.    Defendants lack sufficient information to admit or deny paragraph 12 and therefore
2           deny paragraph 12.

3    13.    Defendants lack sufficient information to admit or deny paragraph 13 and therefore
4           deny paragraph 13.

5    14.    Defendants lack sufficient information to admit or deny paragraph 14 and therefore
6           deny paragraph 14.

7    15.    Defendants lack sufficient information to admit or deny paragraph 15 and therefore
8           deny paragraph 15.

9    16.    Defendants admit the first sentence of paragraph 16. The second and third sentences
10          of paragraph 16 state legal conclusions as to which no response is required. To the
11          extent an answer to those sentences is required, they are denied. The fourth sentence
12          of paragraph 16 is admitted.

13   17.    Defendants admit the first clause of paragraph 17 stating that Defendant, Washington
14          Attorney General's Office ("AGO"), is an agency of the state of Washington headed
15          by the Attorney General. The remainder of paragraph 17 states legal conclusions as to
16          which no response is required. To the extent an answer to the remainder is required, it
17          is denied.

18   18.    Defendants admit the first sentence of paragraph 18. The second sentence of
19          paragraph 18 states legal conclusions as to which no response is required. To the
20          extent an answer to that sentence is required, it is denied. The third sentence of
21          paragraph 18 is admitted.

22   19.    Defendants lack sufficient information to admit or deny the first and second sentences
23          of paragraph 19 and therefore deny the first and second sentences of paragraph 19.
24          Defendants deny the third sentence of paragraph 19, as Fed. R. Civ. P. 15 and Fed. R.
25          Civ. P. 16 (b)(4) govern the amendment of pleadings.

26

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

20. Paragraph 20 requires no response. Defendants lack sufficient information to admit or deny the footnote to paragraph 20 and therefore deny the footnote to paragraph 20.

### III.    JURISDICTION AND VENUE

21. Paragraph 21 states a legal conclusion as to which no response is required, and to the extent a response is required Defendants deny.

22. Defendants admit that this Court has personal jurisdiction over each of the named Defendants, other than the Does, because they are residents of the state of Washington. The remainder of the sentence states a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny the remainder of paragraph 22.

23. Defendants admit paragraph 23.

### IV.    STATEMENT OF FACTS

**A.    I-594**

    **1.    Enactment Of I-594**

24. Defendants admit paragraph 24.

25. With regard to paragraph 25(a)-(g):

(a) Defendants admit that paragraph 25(a) accurately quotes language from Initiative 594 § 2(17) as codified at RCW 9.41.010(17).

(b) Defendants admit that paragraph 25(b) accurately quotes language from Initiative 594 § 2(25) as codified at RCW 9.41.010(25), with the exception that that the quote in paragraph 25(b) includes a comma between the words "payment" and "including" that is not included in the original.

(c) Defendants admit that paragraph 25(c) summarizes the language from Initiative 594 § 3(1)-(3) as codified at RCW 9.41.113(1)-(3).

(d) Defendants admit that paragraph 25(d) includes and references some of the exemptions contained in Initiative 594.

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA  98504-0100
(360) 753-6200

(e) Defendants admit that paragraph 25(e) refers to Initiative 594 § 3(4)(d) as codified at RCW 9.41.113(4)(d) but clarify that the language states in full: "Any law enforcement or corrections agency and, to the extent the person is acting within the course and scope of his or her employment or official duties, any law enforcement or corrections officer, United States marshal, member of the armed forces of the United States or the national guard, or federal official."

(f) Defendants admit that paragraph 25(f) refers to Initiative 594 § 4 as codified at RCW 9.41.092, which speaks for itself. To the extent this paragraph seeks to interpret the language of Initiative 594, RCW 9.41.090, or RCW 9.41.092, it states a legal conclusion as to which no response is required. To the extent a response is required, defendants deny.

(g) Defendants admit that paragraph 25(g) references Initiative 594 § 9 as codified in RCW 9.41.115, which speaks for itself. To the extent this paragraph seeks to interpret the language of Initiative 594, RCW 9.41.090, or RCW 9.41.092, it states a legal conclusion as to which no response is required.

**2.    Interpretation And Enforcement Of I-594**

26.   Defendants admit that the Washington State Patrol announced that the agency would not arrest or issue citations to individuals trading firearms amongst themselves as part of a specific planned protest to the passing of Initiative 594.

27.   Defendants admit that, as stated in the first sentence of paragraph 27, the Washington Department of Fish and Wildlife issued guidance on some elements of I-594 on December 2, 2014. The remainder of that paragraph characterizes the guidance, but the guidance speaks for itself, and Defendants deny the remainder of the paragraph.

28.   Defendants admit that paragraph 28 accurately quotes part of the Washington Department of Licensing website. The website also states that the Department of Licensing will "continue to provide guidance to the public and licensed firearms

ANSWER TO COMPLAINT                    5                    ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

**SER043**

1    dealers about forms for pistol sales and transfers" and "the process to notify us if you

2    acquire a pistol upon the death of the prior owner."

3   29.    Defendants lack sufficient information to admit or deny paragraph 29 and therefore

4    deny paragraph 29.

5  **B.**    **Washington's Firearm Licenses**

6   30.    Paragraph 30 states a legal conclusion as to which no response is required.

7   31.    Defendants admit that Washington State issues concealed pistol licenses and armed

8    private security guard licenses. Defendants lack sufficient information to admit or

9    deny the remainder of paragraph 31 and therefore deny the remaining averments in

10    paragraph 31.

11     **1.**    **CPL**

12   32.    RCW 9.41.070 speaks for itself. To the extent paragraph 32 is not quoting the statute,

13    it states legal conclusions as to which no response is required.

14     *Washington Armed Private Security Guard and Private Investigator Licenses*

15   33.    RCW 18.65 and 18.170 speak for themselves. To the extent Paragraph 33

16    characterizes those statutes, it states legal conclusions as to which no response is

17    required.

18   34.    RCW 18.65 and 18.170 speak for themselves. To the extent Paragraph 34

19    characterizes those statutes, it states legal conclusions as to which no response is

20    required.

21   35.    RCW 18.65 and 18.170 speak for themselves. To the extent Paragraph 35

22    characterizes those statutes, it states legal conclusions as to which no response is

23    required.

24     **2.**    **Federal Law Enforcement Officer's Safety Act**

25   36.    With regard to paragraph 26, Defendants admit that 18 U.S.C. §926C allows certain

26    qualified retired law enforcement officers to carry concealed firearms under certain

ANSWER TO COMPLAINT      6      ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

**SER044**

circumstances and that RCW 36.28A.090 provides the mechanism in Washington State to allow certain qualified retired law enforcement officers to meet the certification requirements of 18 U.S.C. § 926C. Paragraph 26 otherwise states legal conclusions as to which no response is required.

## C.     I-594's Infringement On Constitutional Rights

### 1.     Second Amendment

37.     Paragraph 37 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 37 is denied.

38.     Paragraph 38 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 38 is denied.

39.     Paragraph 39 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 39 is denied.

40.     Paragraph 40 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 40 is denied.

41.     Paragraph 41 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 41 is denied.

42.     Paragraph 42 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 42 is denied.

43.     Paragraph 43 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 43 is denied.

### 2.     Vagueness

44.     Paragraph 44 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 44 is denied.

45.     Defendants lack sufficient information to admit or deny the averments in paragraph 45 relating to Plaintiffs' understanding of a "transfer" under Initiative 594 and therefore deny paragraph 45. Additionally, paragraph 45 states legal conclusions as to

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA  98504-0100
(360) 753-6200

which no response is required. To the extent an answer is required, Paragraph 45 is denied.

46.    Defendants lack sufficient information to admit or deny the averments in paragraph 46 relating to Plaintiffs' understanding of a "person" under Initiative 594 and therefore deny paragraph 46. Additionally, paragraph 46 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 46 is denied.

47.    Defendants lack sufficient information to admit or deny paragraph 47 and therefore deny paragraph 47.

48.    Paragraph 48 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 48 is denied.

## V.    CAUSES OF ACTION

**A.    Count I- Right To Keep And Bear Arms; U.S. Constitution, Amendments II And XIV; WA Constitution, Art. I, Section 24, and 42 U.S.C. § 1943**

49.    Paragraph 49 requires no response.

50.    Defendants admit that the first sentence of paragraph 50 accurately quotes the Second Amendment of the United States Constitution. The cases *District of Columbia v. Heller*, 544 U.S. 570 (2008), and *Peruta v. County of San Diego*, 742 F.3d 1144 (9th Cir. 2014), cited in sentences two through four speak for themselves and any characterization of them is a legal conclusion as to which no response is required and to the extent an answer is required are denied. The final sentence of paragraph 50 states a legal conclusion as to which no response is required and to the extent an answer is required is denied.

51.    Paragraph 51 states legal conclusions as to which no response is required.

52.    Paragraph 52 does not accurately quote Article I, Section 24 of the Washington State Constitution, which states that "the right of the individual citizen to bear arms in

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

defense of himself or the state, shall not be impaired." Moreover, the characterization of the right as "similar, although broader" is a legal conclusion as to which no response is required and to the extent an answer is required is denied.

53. Paragraph 53 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 53 is denied.

54. Paragraph 54 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 54 is denied.

55. Paragraph 55 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 55 is denied.

**B.    Count II- Void for Vagueness-**

      **1.    U.S. Constitution , Amendment XIV and WA Constitution, Art. I, Section 3**

56. Paragraph 56 requires no response.

57. Paragraph 57 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 57 is denied.

58. Defendants admit paragraph 58 accurately quotes Article I, Section 3 of the Washington State Constitution, however, the characterization of the right as "similar, although broader" is a legal conclusion as to which no response is required and to the extent an answer is required is denied.

59. Paragraph 59 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 59 is denied.

60. Paragraph 60 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 60 is denied.

Having fully answered the Complaint as required by Fed. R. Civ. P. 8(b), the Defendants set forth the following affirmative defenses.

## VI.    AFFIRMATIVE DEFENSES

1. The Plaintiffs have failed to state a claim upon which relief may be granted.

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA  98504-0100
(360) 753-6200

1   2.   The Plaintiffs have failed to set forth irreparable harm or any other basis upon which

2          injunctive relief is available.

3   3.   The Plaintiffs lack standing.

4   4.   The Plaintiffs' claims are not ripe for review.

5   5.   Lack of jurisdiction as to certain claims under the Eleventh Amendment.

6   6.   Certain of the Plaintiffs' claims are barred by the doctrine of prosecutorial immunity.

## VII. PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the relief requested in any portion of their Complaint.

In consideration of the above, the State requests that judgment be entered as follows:

1. That all relief requested in Plaintiffs' Complaint be denied;

2. That all of the Plaintiffs' claims against the State be dismissed with prejudice and judgment entered in favor of Defendants;

3. That Defendants be awarded their costs and fees; and

4. For such other and further relief as the court deems just and equitable.

DATED this 27th day of January, 2015

ROBERT W. FERGUSON
*Attorney General*

NOAH G. PURCELL, WSBA # 43492
*Solicitor General*

s/ *R. July Simpson*
R. JULY SIMPSON, WSBA #45869
*Assistant Attorney General*

JEFFREY T. EVEN, WSBA #20367
*Deputy Solicitor General*

REBECCA R. GLASGOW, WSBA #32886
*Deputy Solicitor General*

PO Box 40100
Olympia, WA 98504-0100
360-753-6200
Counsel for Bob Ferguson, Washington Attorney General's Office and John R. Batiste

ANSWER TO COMPLAINT        10        ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

**SER048**

## CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury, that I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court of the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

DATED this 12th day of November 2015, at Olympia, Washington.

s/<i>Noah G. Purcell</i><br>
NOAH G. PURCELL<br>
<i>Solicitor General</i>