

**Bob Ferguson**
# ATTORNEY GENERAL OF WASHINGTON
Administration Division
PO Box 40100 • Olympia WA 98504-0100 • (360) 753-6200

December 8, 2015                                              VIA E-FILING


Ms. Molly C. Dwyer
Clerk of the Court
United States Court of Appeals
For the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103-1526

Re:    *Northwest School of Safety, et al. v. Bob Ferguson, et al.*
       Case No. 15-35452
       (Oral argument not yet scheduled)

Dear Ms. Dwyer,

Defendants-Appellees respectfully submit as supplemental authority *Clapper v. Amnesty International USA*, 133 S. Ct. 1138 (2013). *Clapper* is relevant to Plaintiffs' description of the Supreme Court's approach to finding injury based on allegations of possible future enforcement of a law or changing one's behavior in response to a law.

In *Clapper*, the Court held that the respondents lacked standing in a challenge they brought against amendments to the Foreign Intelligence Surveillance Act (FISA) the day the amendments were enacted. *Clapper*, 133 S. Ct. at 1146. The amendments authorized surveillance of individuals located outside the United States who are not "United States persons." *Id.* at 1142. The Second Circuit had held that the respondents had standing for two reasons: (1) due to an objectively reasonable likelihood that their communications would be intercepted at some point in the future; and (2) because they had changed their behavior in reaction to the amendments, ceasing certain conduct and incurring certain costs to avoid the threat of surveillance. *Id.* at 1145-46. The Supreme Court reversed, rejecting both theories.

As to the first theory, the Court said that an "objectively reasonable likelihood" of enforcement was insufficient. *Id.* at 1147. Instead, the Court said: "we have repeatedly reiterated that threatened injury must be *certainly impending* to constitute injury in fact, and that allegations of *possible* future injury are not sufficient." *Id.* 1146-47 (internal quotation marks omitted).

The Court also rejected respondents' second theory, that they had standing because they were refraining from certain activities based on their fear of enforcement. The Court said this theory "improperly waters down the fundamental requirements of Article III" and failed to establish standing "because the harm respondents seek to avoid is not certainly impending. In other words, respondents cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending." *Id.* at 1151. "[A]llegations of a subjective chill are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm." *Id.* at 1152 (internal quotation marks omitted).

Sincerely,

s/ Noah G. Purcell
NOAH G. PURCELL
Solicitor General

Attachment
Cc:     Counsel of Record (w/ attachment)