CORR
CRONIN
MICHELSON
BAUMGARDNER
FOGG & MOORE LLP

**STEVEN W. FOGG**
*Attorney at Law*

(206) 274-8669
sfogg@corrcronin.com

1145.00003

December 16, 2015

**VIA E-FILING**

Ms. Molly C. Dwyer
Clerk of the Court
United States Court of Appeals
 For the Ninth Circuit
95 Seventh Street
San Francisco, CA  94103-1526

>Re:   *Northwest School of Safety, et al. v. Ferguson, et al*.
>      Case No. 15-35452
>      (Oral argument not yet scheduled)

Dear Ms. Dwyer:

Plaintiffs submit this response to Defendants' December 8, 2015 FRAP 28(j) letter on *Clapper v. Amnesty International USA*.[1]  *Clapper* stands for the uncontroversial proposition that standing may not be established through fear of a "highly attenuated chain of possibilities."  133 S. Ct. 1138, 1148 (2013).  *Clapper* found that plaintiffs' theory of standing lacked an imminent injury because it relied on numerous and extremely speculative occurrences, not the least of which was whether the government would obtain surveillance information utilizing the challenged statute or any number of other available means.  *Id.* at 1149.  In contrast, the standing question in the present case boils down to a simple matter of whether the activities in which Plaintiffs have historically engaged are facially subject to Washington State's I-594.  If Plaintiffs' historical activities are subject to I-594, Plaintiffs would be subject to prosecution were they to resume those activities.  The concrete and imminent injury could not be clearer, and is in stark contrast to the *Clapper* plaintiffs' series of unknown what-ifs.

---

[1] Where necessary, Plaintiffs will further address *Clapper* in their reply brief.

Further, it should be noted how intimately *Clapper* is tied to foreign surveillance and the protections of the FISA Court. *Id.* at 1147 & 1554 (mentioning the FISA court as a check on plaintiffs' highly speculative injuries). Indeed, if I-594:

- Had definitions as precise as § 702 of FISA, 50 U.S.C. § 1881a; and/or
- Required that authorities ensure prosecutions will not target (undefined but) innocent conduct; and/or
- Required evidence of compliance with the Second Amendment; and/or
- Was subject to legislative oversight; and/or
- Mandated that a specially designated gun court issue findings <u>before</u> prosecutions for violations of I-594 could commence;

then *Clapper* might provide illumination on the standing issues in this case. However, I-594 has none of the hallmarks of protection from injury found in *Clapper*. Therefore, *Clapper* is not controlling or persuasive on this Court's inquiry into whether the Complaint fairly alleges that Plaintiffs are presently and directly injured by I-594's unconstitutionally vague and overbroad restrictions on their activities.

*Clapper* can, and should, be disregarded as the red herring it is.

Very truly yours,

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP

*s/ Steven W. Fogg*

Steven W. Fogg

cc: All Counsel of Record