CORR
CRONIN
MICHELSON
BAUMGARDNER
FOGG & MOORE LLP

**STEVEN W. FOGG**
*Attorney at Law*

(206) 274-8669
sfogg@corrcronin.com

1145.00003

May 2, 2016

**VIA E-FILING**

Ms. Molly C. Dwyer
Clerk of the Court
United States Court of Appeals
 For the Ninth Circuit
95 Seventh Street
San Francisco, CA  94103-1526

      Re:    *Northwest School of Safety, et al. v. Ferguson, et al*.
             Case No. 15-35452
             (Oral argument not yet scheduled)

Dear Ms. Dwyer:

      Plaintiffs submit this response to Defendants' April 8, 2016 FRAP 28(j) letter on *Colorado Outfitters Association, et al. v. John Hickenlooper*, No. 14-1290, 2016 WL 1105363 (10th Cir. Mar. 22. Despite the State's attempt to use *Colorado Outfitters* to buttress their claims that a plaintiff cannot establish standing if they are intentionally complying with a law which their historical conduct would otherwise violate, *Colorado Outfitters* adds nothing to this case.

      In particular, *Colorado Outfitters* makes the same mistake as the trial court in this case by failing to address, distinguish, or even acknowledge cases where pre-enforcement standing has been found despite a plaintiff's conscious effort to avoid violating the statute. *See, e.g.*, *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128-29 (2007) ("[W]here threatened action by government is concerned, we do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat."); Appellants' Opening Brief at 19-23 (summarizing the concrete, particularized, and actual injury suffered by Plaintiffs despite their compliance with the law). *Colorado Outfitters* doubles down on that error by then erroneously finding that a law enforcement office can exercise a veto over standing by choosing not to enforce the law, a troubling proposition

where a law is being challenged on vagueness grounds.  *See, e.g.*, *Valley View Health Care, Inc. v. Chapman*, 992 F. Supp. 1016, 1033-35 (E.D. Cal. 2014) (applying *MedImmune* and collecting cases where standing was found despite a government's reliance on a history of non-enforcement and an "absence of imminent prosecution", so long as the law remained effective and subject to enforcement).

Ultimately, *Colorado Outfitters* is neither controlling nor persuasive.  To the extent it is considered at all by this Court, it should be recognized as a failure to address the actual argument underlying the standing of a law abiding citizen who chooses to comply with and challenge a statute rather than violate it.

This letter contains 321 words.

Very truly yours,

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP

*s/ Steven W. Fogg*

Steven W. Fogg

cc:     All Counsel of Record